# UNITED STATES DISTRICT COURT
# DISTRICT OF NEBRASKA

| | |
|---|---|
| *In Re:* | Case No. 4:22-cv-3191 |
| *Data Security Cases Against NELNET SERVICING, LLC* | The Honorable John M. Gerrard, U.S.D.J. |
| | The Honorable Jacqueline M. DeLuca, U.S.M.J. |

**LEAD PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO KATHLEEN CARR, KEEGAN KILLORY, AND KELSIE POWELL'S MOTION TO INTERVENE**

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................ 2

INTRODUCTION ............................................................................................................... 4

ARGUMENT ....................................................................................................................... 6

 I. The Court Should Deny Movants' Request for Intervention As of Right .......................... 6

 II. The Court Should Deny Movants' Request for Permissive Intervention ..................... 10

 III. The Court Should Deny Movants' Request to Stay Proceedings and/or Replace Interim Lead Class Counsel with Movants' Counsel ............................................................ 12

 IV. The Court Should Order Movants' Counsel to Cease Prosecution of the *Carr* Action and/or Stay the *Carr* Action under the All Writs Act. ................................................. 14

CONCLUSION .................................................................................................................. 16

**TABLE OF AUTHORITIES**

**Cases**

*Bank of Am., N.A. v. UMB Fin. Servs., Inc.*,
   618 F.3d 906 (8th Cir. 2010) ........................................................................................... 16

*Bui v. Sprint Corp.*,
   No. 2:14–cv–02461–TLN–AC, 2015 WL 3828424 (E.D. Ca. June 19, 2015) ......................... 11

*Carr v. Oklahoma Student Loan Auth.*,
   No. CIV-23-99-R, 2023 WL 6193015 (W.D. Okla. June 16, 2023) .......................................... 4

*City of Stilwell v. Ozarks Rural Elec. Coop. Corp.*,
   79 F.3d 1038 (10th Cir. 1996) ..................................................................................... 11, 12

*Donnelly v. Glickman*,
   159 F.3d 405 (9th Cir. 1998) .............................................................................................. 7

*Glover v. Ferrero USA, Inc.*,
   C.A. No. 11-1086 (FLW), 2011 WL 5007805 (D.N.J. Oct. 20, 2011) .................................... 11

*Heldt v. Payday Fin., LLC*,
   No. 3:13-cv-03023-RAL, 2015 WL 13818945 (D.S.D. Dec. 15, 2015) .................................. 12

*In re Nelnet Servicing, LLC, Customer Data Sec. Breach Litig.*,
   648 F. Supp. 3d 1377 (J.P.M.L. 2022) ................................................................................ 5

*In re Resideo Techs., Inc., Sec. Litig.*,
   No. 19-CV-2863 (WMW/BRT), 2022 WL 872909 (D. Minn. Mar. 24, 2022) ....................... 10

*Jenkins by Jenkins v. Missouri*,
   78 F.3d 1270 (8th Cir. 1996) .............................................................................................. 7

*Med. Liab. Mut. Ins. Co. v. Alan Curtis LLC*,
   485 F.3d 1006 (8th Cir. 2007) ............................................................................................ 7

*Nebraska Data Centers, LLC v. Khayet*,
   No. 8:17-cv-369, 2018 WL 618421 (D. Neb. Jan. 26, 2018) ................................................ 16

*Payne v. Tri-State Careflight, LLC*,
   322 F.R.D. 647 (D.N.M. 2017) ......................................................................................... 11

*Phillips Beverage Co. v. Belvedere, S.A.*,
   204 F.3d 805 (8th Cir. 2000) ...................................................................................... 15, 16

*Reynolds v. Beneficial Nat. Bank*,
   288 F.3d 277 (7th Cir. 2002) .............................................................................................. 8

*S. Dakota ex rel Barnett v. United States Dep't of Interior*,
   317 F.3d 783 (8th Cir. 2003) ................................................................................................ 6

*Salmonson v. Bed Bath & Beyond, Inc.*,
   No. 11-cv-2293 SVW (SSX), 2012 WL 12919187 (C.D. Cal. Apr. 27, 2012) ..................... 10

*Seger v. Ernest-Spencer Metals*,
   No. 9:08-cv-75, 2008 WL 3875302 (D. Neb. 2008) ............................................................ 12

*Seldin v. Seldin*,
   No. 8:16-cv-372, 2016 WL 9411207 (D. Neb. Dec. 6, 2016) ................................................ 6

*Spangler v. Pasadena City Bd. of Educ.*,
   552 F.2d 1326 (9th Cir. 1977) .............................................................................................. 11

*Swinton v. SquareTrade, Inc.*,
   960 F.3d 1001 (8th Cir. 2020) ....................................................................................... 6, 7, 9

*U.S. Fire Ins. Co. v. Goodyear Tire & Rubber Co.*,
   920 F.2d 487 (8th Cir. 1990) ................................................................................................ 12

*United States v. New York Tel. Co.*,
   434 U.S. 159 (1977) ............................................................................................................. 15

*USCOC of Greater Missouri, LLC v. Cnty. of Franklin, Mo.*,
   636 F.3d 927 (8th Cir. 2011) .......................................................................................... 15, 16

*Webb v. Dr Pepper Snapple Grp., Inc.*,
   No. 4:17-00624-CV-RK, 2018 WL 1990509 (W.D. Mo. Apr. 26, 2018) ...................... 11, 12

*Wickenkamp v. Smith*,
   475 F. Supp. 3d 979 (D. Neb. 2014) .............................................................................. 15, 16

**Statutes**

28 U.S.C. § 1651(a) ..................................................................................................................... 15

28 U.S.C. § 1746 .......................................................................................................................... 18

**Rules**

Fed. R. Civ. P. 24(a)(2) ................................................................................................................. 6

Fed. R. Civ. P. 23 ......................................................................................................................... 11

**Other Authorities**

Manual for Complex Litigation, § 21.11 at 246 (4th ed. 2004) ................................. 4, 5, 9, 13

## INTRODUCTION

On January 3, 2022, Milberg Coleman Bryson Phillips Grossman LLC, Stueve Siegel Hanson LLP, and Morgan & Morgan Complex Litigation Group applied to be appointed lead counsel in this action with the support of counsel representing plaintiffs in 16 other actions. One of those lawyers was William B. Federman ("Movants' Counsel"). *See Herrick* Motion at Page 21, Dkt. No. 42, Attachment 1.

Movants' Counsel touted his early filings and active participation in the early stages of this litigation[1] in this District. *Id*. He noted that his work "allowed for an early mediation with Defendant and defense counsel." *Id.* He even explained to the Court that he had a pending case against Oklahoma Student Loan Authority ("OSLA") and Nelnet pending in another jurisdiction – *Carr v. Oklahoma Student Loan Authority and Nelnet Servicing, LLC*, No. CJ-2023-002 (Okla. 2023), but assured the Court that through coordination with his preferred lead counsel, "these cases will be coordinated and efficiently prosecuted." *Id.*

However, Movants' Counsel and his slate were not chosen to lead this action. On January 30, 2023, this Court appointed Lowey Dannenberg, P.C. ("Lowey") and Silver Golub & Teitell LLP ("SGT") as Interim Co-Lead Class Counsel ("Interim Class Counsel") to represent a proposed class of student loan borrowers injured as a result of the Nelnet data breach (the "Consolidated Action"). *See In re Nelnet Servicing, LLC*, No. 4:22-cv-3191, Docket No. 43. Rather than accept this Court's decision, Movants' Counsel decided to lie in wait in Oklahoma for his chance to extract his tax on any forthcoming settlement.

Unsurprisingly—at the first whiff of settlement Movants' Counsel sprang into action to cry foul and seek to intervene because Interim Class Counsel has explored resolving this Consolidated

---

[1] *Hegarty v. Nelnet Servicing, LLC*, No. 4:22-cv-03186 (D. Neb. Sept. 2, 2022).

Action. Leaving aside that Movants' Counsel's newfound objection to resolution of this case through mediation runs contrary to the very reason he asked this Court to appoint his favored slate two years ago, Movants' Counsel gives away the game. Movants Counsel seeks to leverage the denial of transfer of his rogue Oklahoma action brought on behalf of under 10% (approx. 250,000 of the 2.5+ million class members) of the Class to prevent the Interim Class Counsel this Court appointed from prosecuting this action on behalf of *all* borrowers (those whose loans are serviced by EdFinancial *and* OSLA).[2] On this basis, Movants are prematurely objecting to a settlement that does not exist, and even if it did, Movants' Counsel would know none of the settlement's terms, simply because he fears that the terms may not include payment of his fees.

Unfortunately for Movants' Counsel, negotiating on behalf of the class is one of the primary reasons this court appointed Lowey and SGT as Interim Class Counsel. *See* Dkt. No. 43 at 10, citing the *Manual for Complex Litigation*, § 21.11 at 246 (4th ed. 2004) ("*Manual*") ("[D]esignation of interim counsel clarifies responsibility for protecting the interests of the class during precertification activities, such as … negotiating settlement."). While Movants' Counsel now seeks to cast aspersions at Interim Class Counsel by calling settlement efforts "clandestine," "collusive," and a "reverse auction" – it is clear that this is all simply an attempt to manufacture a basis for intervention where none exists. As a result, Movants simply cannot meet the burden to intervene. *See Seldin v. Seldin*, No. 8:16-cv-372, 2016 WL 9411207, at *1 (D. Neb. Dec. 6, 2016).

Finally, Movants' motion is untimely. *See* Fed. R. Civ. P. 24(a)(2). Movants' Counsel was well aware of this action—having filed 2 of the 23 actions consolidated with this case—and thus

---

[2] The plaintiffs on file in this action and represented by Interim Class Counsel include both individuals whose loans are serviced by Defendant EdFinancial and an individual whose loans are serviced by OSLA (Mary Traynor). Plaintiff Traynor has given the requisite notice pursuant to Oklahoma Governmental Tort Claims Act ("OGTCA") and OSLA has denied her claims, leaving her with live claims against OSLA. *See* 51 O.S. § 151 *et seq.*

the possibility that a settlement in this nationwide case would extinguish the claims in the later-filed copycat *Carr* action. That Movants chose to wait to intervene in hopes that its tag-along, later-filed lawsuit might bear fruit in the interim (or allow it to carve out a part of the settlement pie in this consolidated case) is not an excuse for its year-plus delay in seeking to intervene. At bottom, this whole exercise is nothing more than a request that this Court reconsider its Order appointing Interim Class Counsel, and it should be denied in its entirety.

## ARGUMENT

### I. The Court Should Deny Movants' Request for Intervention As of Right.

Movants fail to meet the standard for intervention as of right. Under Federal Rule of Civil Procedure 24(a), a party is entitled to intervene as a matter of right upon filing a timely motion if the party: (1) claims an interest relating to the property or transaction that is the subject of the action; (2) is situated so that disposing of the action may, as a practical matter, impair or impede the movant's ability to protect that interest; and (3) is not adequately represented by the existing parties. *Swinton v. SquareTrade, Inc.,* 960 F.3d 1001, 1004 (8th Cir. 2020). Critically, a proposed intervenor must establish the presence of ***all of these conditions*** to intervene as a matter of right. *S. Dakota ex rel Barnett v. United States Dep't of Interior*, 317 F.3d 783, 785 (8th Cir. 2003).

Movants' Motion fails at the first step because any claim of impairment is wholly speculative and premature. It is well established that an interest "'contingent upon the occurrence of a sequence of events before it becomes colorable'" is "not sufficient to satisfy Rule 24(a)(2)." *Med. Liab. Mut. Ins. Co. v. Alan Curtis LLC,* 485 F.3d 1006, 1008 (8th Cir. 2007) (internal citations omitted). Here, Movants seek to intervene on the ground that a potential settlement that has not yet been reached—but which *may* occur at some point in this Consolidated Action, *may* encompass the claims in the *Carr* Action, and *may* be insufficient to those plaintiffs in terms of total settlement.

6

*See* Mot. at 9-10. This wholly speculative and premature basis is insufficient to establish impairment to an interest that is the subject of this action. *See, e.g., Donnelly v. Glickman*, 159 F.3d 405, 410 (9th Cir. 1998) (finding that the district court denied intervention because "motion to intervene was premature" and "plaintiffs might never obtain any remedy that could affect the proposed intervenors;" affirmed on other grounds).

As is Movants' contention that their interests are impaired because they would be "class members of any Settlement reached in the Nebraska Action." *See* Movants Br. at 13. This is wrong. The Eighth Circuit has recognized that "[t]here is a presumption of adequate representation when the persons attempting to intervene are members of a class already involved in the litigation or are intervening only to protect the interests of class members." *Swinton*, 960 F.3d at 1005 (citing *Jenkins by Jenkins v. Missouri*, 78 F.3d 1270, 1275 (8th Cir. 1996)). As purported class members, Movants must first overcome this presumption by showing that Interim Class Counsel and Plaintiffs have failed to adequately represent their interests *before* they can intervene as of right.

Of course, Movants cannot do so, as Interim Class Counsel here have dutifully and efficiently prosecuted this action, and no "red flags" calling into question the adequacy of representation exist. Movants' only argument is hollow strawman, claiming that in attempting to mediate, the parties to this action engaged in collusive conduct with the objective of producing a "reverse auction." *See* Movants Br. at 11. But one cannot, as Movants attempt here, manifest a reverse auction into existence by fabricating allegations.

Movants' casual use of the term "reverse auction" demonstrates they do not understand its meaning or associated concerns. It is well accepted that a "reverse auction" occurs where a *defendant*, "in a series of class actions picks the most ineffectual class lawyers to negotiate a settlement with the hope that the district court will approve a weak settlement that will preclude

7

other claims against the defendant." *Reynolds v. Beneficial Nat. Bank,* 288 F.3d 277, 283 (7th Cir. 2002). The term simply does not apply to the facts: where Interim Class Counsel appointed by the Court to negotiate on behalf of the class in a consolidated action, engaged in a mutually agreed to mediation with the Defendants in the case. The term does, however, apply to Defendants' and Movants' Counsel's own prior attempts settle the case before consolidation and appointment of counsel here had occurred.

Indeed, Movants could not, and do not present, any evidence of a "reverse auction". Their sole support for this claim is the accusation that Plaintiffs "presented OSLA with a cheap settlement offer it could not refuse." *See id.* However, Movants do not know any of the details of the Parities' negotiations. Making such a brazen claim in a judicial filing without any facts to support it is enough of a reason to deny their motion (or sanction counsel).

The truth is that after two mediation sessions, the parties to this litigation reached a tentative agreement on a settlement amount but had failed to agree on several remaining and substantial points. While the Plaintiffs and Defendants were hopeful that a final settlement agreement could be reached, that has not occurred. Had it occurred, the parties would have notified the Court of their intention to move for preliminary approval of a settlement. Of course, the parties have not done so and instead await this Court's decision on Defendant Nelnet's motion to dismiss Plaintiffs' claims.

Without any support for their reverse auction claim, Movants emphasize the only two facts known to them: (1) that Plaintiffs participated in a mediation and (2) that Plaintiffs did not involve Movants in those discussions. Neither supports their motion. The "Federal Rules do not require that litigation advance to a specific stage before settlement, nor that settlement discussions involve class members." *Cf. Swinton*, 960 F.3d at 1006. In their role as Plaintiffs and court-appointed

8

Interim Class Counsel, the Parties had an absolute right to participate in mediation with, and attempt to settle claims against, Nelnet on behalf of the class in this Consolidated Action. And even if the parties *had* reached a final settlement agreement, "[a] difference of opinion concerning litigation strategy or individual aspects of a remedy does not overcome the presumption of adequate representation" such that Movants would be entitled to intervene. *Id.* at 1005 (citing *Jenkins*, 78 F.3d at 1275).

At bottom, Movants attempt to sidestep the Court's appointment of Interim Class Counsel to "represent[] the interest of all of putative class members" (ECF No. 43) and the right to negotiate settlement on behalf of the Class that comes with it. *See Manual for Complex Litigation*, § 21.11 at 246 (4th ed. 2004) ("*Manual*") ("[D]esignation of interim counsel clarifies responsibility for protecting the interests of the class during precertification activities, such as … negotiating settlement."). But there is no reason to deviate from this well settled rule. The appointment **mandates** that Defendants will direct all settlement discussions to Interim Class Counsel—not non-appointed attorneys retained by Movants—for a reason: to clarify who is responsible for representing the Class.[3] *See Salmonson v. Bed Bath & Beyond, Inc.,* No. 11-cv-2293 SVW (SSX), 2012 WL 12919187, at *5 (C.D. Cal. Apr. 27, 2012) (explaining that when the Court appoints lead counsel, the defendant is "*compelled to negotiate*" the settlement with lead counsel). Importantly, the ability to negotiate a settlement includes the right to negotiate a global settlement that will release any and all claims and parties that could be part of the action. *See In re Resideo Techs., Inc., Sec. Litig.*, No. 19-CV-2863 (WMW/BRT), 2022 WL 872909, at *1 (D. Minn. Mar. 24, 2022)

---

[3] This requirement prevents a "reverse auction"—contrary to Movants' accusations here—where other, non-appointed counsel (like Movants' Counsel), willing to resolve class-claims for less than they may warrant, negotiate against themselves, solely to seek attorneys' fees they otherwise would not be entitled to. *See Salmonson,* 2012 WL 12919187, at *5.

9

(granting final approval to settlement where settlement agreement provided for a complete dismissal of the claims against defendants as well as a complete "release of all claims that could have been asserted against Defendants and the other Released Defendant Parties by each other, by Plaintiffs, or by any other member of the Settlement Class"). Given these well-settled rules, Interim Class Counsel's ongoing negotiations in attempting to resolve the Class's claims are proper and present no basis for Movants to intervene in this action.

Because Movants fail to establish all the requisite elements, the Motion for Intervention as a Matter of Right must be denied.

## II.     The Court Should Deny Movants' Request for Permissive Intervention.

For similar reasons to those supporting the denial of Movants' intervention under Rule 24(a), the Court should deny Movants' request for permissive intervention under Rule 24(b). "The decision to grant or deny a motion for permissive intervention is wholly discretionary." *S.D. ex rel. Barnett v. U.S. Dep't of Interior*, 317 F.3d 783, 787 (8th Cir. 2003) (citations omitted). When considering a motion for permissive intervention, the court principally considers "whether proposed intervention would unduly delay or prejudice the adjudication of the [original] parties' rights." *Id.* While not a required part of the test for permissive intervention, a court's finding that existing parties adequately protect prospective intervenors' interests will support a denial of permissive intervention. *See Payne v. Tri-State Careflight, LLC*, 322 F.R.D. 647, 664 (D.N.M. 2017) (citing *City of Stilwell v. Ozarks Rural Elec. Coop. Corp.*, 79 F.3d 1038, 1043 (10th Cir. 1996)).

Here, intervention would cause undue delay and prejudice to the parties. As previously explained, Movants seek only to antagonize the parties and hinder the progression of this action by convincing this Court to provide a forum for the adjudication of conjecture about a potential settlement that has yet to occur. As is apparent from Movants' motion, Movants are only interested

in this action insofar as they can stay the action or substitute Plaintiffs' counsel with their own, clearly prejudicing, in either event, the rights of the existing parties and the Class. *Cf. Webb v. Dr Pepper Snapple Grp., Inc.*, No. 4:17-00624-CV-RK, 2018 WL 1990509, *4 (W.D. Mo. Apr. 26, 2018) (finding merit in Plaintiffs' concern that Proposed Intervenors do not seek to litigate and only seek intervention to stay, transfer, or dismiss); *Bui v. Sprint Corp.*, 2015 WL 3828424, *2 (E.D. Ca. June 19, 2015) ("Courts may consider various relevant factors [when considering a motion to intervene], including 'the nature and extent of the [proposed] intervenors' interest.'") (quoting *Spangler v. Pasadena City Bd. of Educ.*, 552 F.2d 1326, 1329 (9th Cir. 1977)); *Glover v. Ferrero USA, Inc.*, 2011 WL 5007805, *7 (D.N.J. October 20, 2011) ("[T]he Proposed Intervenors' stated interest in only having this action dismissed or transferred . . . will clearly prejudice the rights of the existing parties in this action, [and] the Court declines to permit the Proposed Intervenors to intervene.").

Movants' reliance on inapt case law does not compel contrary result. *See* Mot. at 13-14. In *Heldt v. Payday Fin., LLC*, No. 3:13-cv-03023-RAL, 2015 WL 13818945, at *1 (D.S.D. Dec. 15, 2015), the intervenors sought to object to *preliminary approval* of a proposed settlement, largely on Rule 23 grounds the Court was already required to consider. *Id.* Here, by contrast, no such motion for preliminary approval has been filed, and Movants' Counsel does not seek to intervene on Rule 23 grounds, but solely to replace the Interim Class Counsel appointed by this Court for his own self-interest. Similarly misplaced is Movants' reliance on *Seger v. Ernest-Spencer Metals*, No. 9:08-cv-75, 2008 WL 3875302 at *5 (D. Neb. 2008), which was not a class action, and intervention was found to be permissible only because a state workers' compensation statute recognized that the intervenors (*i.e.,* insurers) had a distinct interest from the existing parties

11

warranting intervention. No similar showing has been made here—nor could it, as Movants are already adequately represented by Plaintiffs in this Consolidated Action.

Further, as previously explained above, this Court has already appointed adequate counsel for the Class, and no credible suggestion can be made that the existing parties and/or Interim Class Counsel's representation has in any way inadequately represented Movants' interests. *Cf. City of Stilwell*, 79 F.3d at 1043. This fact alone supports denial of permissive intervention. *Cf. id.* Accordingly, Movants' Motion for Permissive Intervention should be denied.

### III. The Court Should Deny Movants' Request to Stay Proceedings and/or Replace Interim Lead Class Counsel with Movants' Counsel

Because Movants' motion to intervene is without merit, the Court need not address Movants' request to stay the action pending resolution of the *Carr* Action. *See Webb v. Dr. Pepper Snapple Grp.*, No. 4:17-00624-CV-RK, 2018 WL 1990509, at *5 (W.D. Mo. April 26, 2018) (declining to address proposed intervenors' motion to dismiss, transfer, or stay proceedings after denying their motion to intervene). To the extent the Court does consider Movants' motion to stay this action, however, the motion should be denied.

It is rare for a tag-along action such as the *Carr* Action to seek a stay in the consolidated, first-filed action that it mirrored, as Movants have done here. In fact, in most cases, it is that a stay is warranted in the later-filed action, *i.e.,* the *Carr* Action. *See U.S. Fire Ins. Co. v. Goodyear Tire & Rubber Co.,* 920 F.2d 487, 488 (8th Cir. 1990) ("the well-established rule is that in cases of concurrent jurisdiction, 'the first court in which jurisdiction attaches has priority to consider the case.'"). Such a request is particularly unwarranted since the *Carr* Action does not even involve claims against Defendants Nelnet and EdFinancial (90% of the nationwide class), but rather claims

12

only against OSLA and Nelnet (a mere 10% of the nationwide class).[4] There is simply no basis to stay this earlier-filed, larger, consolidated action. It would be highly prejudicial to the parties to do so, and Movants' attempts to intervene to have this Consolidated Action stayed while the *Carr* Action proceeds must thus be rejected. *See, e.g., HCI Distribution, Inc. v. Peterson,* No. 8:18CV173, 2018 WL 11317093, *1 (D. Neb. Aug. 2, 2018) (denying motion to intervene and to stay action where "the United States moved to intervene in this action for the limited purpose of participating in a motion to stay all proceedings in this case").

Similarly, this Court need not address Movants' request to replace current Interim Class Counsel and/or appoint Movants' Counsel as Interim Co-Lead Class Counsel. Movants' Counsel—despite having previously lost his motion to be appointed lead or co-lead interim class counsel over claims against Nelnet[5] in this consolidated class action—now asserts that he is "best suited" to represent the putative class based on Movants' unfounded accusations of "collusive" conduct by Interim Class Counsel.[6] Movants cannot use their baseless Motion to gain a second bite at the

---

[4] Movants' reliance on OGTCA's venue provision to argue this Court may not entertain settlement of OSLA claims is an inapposite red herring. OGTCA's venue provision governs commencement of suit against OSLA, but has no impact on the rights of OSLA or Plaintiffs in this Consolidated Action to contract, to settle or release claims, or utilize federal courts outside of Oklahoma to enforce its rights and gain approval of a settlement. Nor could it. As a state-law venue provision, the OGTCA has no impact on these individual rights, or the power of federal courts approve a class-wide settlement in an action properly before the Court, as required by Fed. R. Civ. P 23.

[5] Movants' Counsel joined in the Motion for Appointment as Interim Co-Lead Class Counsel of Milberg Coleman Bryson Phillips Grossman LLC, Stueve Siegel Hanson LLP, and Morgan & Morgan Complex Litigation Group, representing Plaintiffs Jesse Herrick, Carey M. Ballard, Amanda Beasley, Jennifer Hegarty, and Barbara Miller, *Herrick v. Nelnet Servicing, LLC*, No. 4:22-cv-03181 (filed Aug. 30, 2022). *See* ECF No. 42 at 119-163.

[6] Perhaps ironically, it was Movants' Counsel who engaged in collusive conduct by attempting to covertly settle claims on behalf of the class at the beginning of this action, prior to a decision by the Court on the pending motions to consolidate and appoint lead class counsel. *See* ECF No. 42 at 65.

apple, and displace Plaintiffs' chosen counsel—and counsel selected by this Court—in favor of their own counsels' self-interests and hopes of obtaining attorneys' fees.

Accordingly, Movants present no basis for staying this Consolidated Action and/or appointing Movants' Counsel as Interim Lead or Co-Lead Class Counsel therein. The Motion should thus be denied in its entirety.

### IV. The Court Should Order Movants' Counsel to Cease Prosecution of the *Carr* Action and/or Stay the *Carr* Action under the All Writs Act.

Having filed and appeared as counsel of record for two cases in this Consolidated Action, from which he has not withdrawn from and still remains listed as counsel,[7] Movants' Counsel remains subject to the jurisdiction of this Court, including any injunctions issued thereby. *See Phillips Beverage Co. v. Belvedere, S.A.,* 204 F.3d 805, 806 (8th Cir. 2000) (noting that district court issued injunction against defendant, requiring it to withdraw defendant's application pending before the United States Customs Service, because the injunction was necessary to "prevent the undermining of [its] jurisdiction"); *Wickenkamp v. Smith*, 475 F. Supp. 3d 979, 985 (D. Neb. 2014) ("The Court retains jurisdiction to sanction [plaintiff] despite the prior dismissal of this action."). Here, Movants' Counsel's actions frustrate and undermine Interim Class Counsels' ability to represent the class in connection with their court-ordered duties and undermines the jurisdiction of this Court. Accordingly, Plaintiffs request the Court issue an injunction directing Movants' Counsel to cease prosecution of and/or stay the *Carr* Action.

Alternatively, Plaintiffs request that this Court stay the *Carr* Action pursuant to the All Writs Act, which authorizes courts to "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a).

---

[7] *See Sayers v. Nelnet Servicing, LLC*, No. 4:22-cv-03203 (D. Neb.) and *Hegarty v. Nelnet Servicing, LLC*, No. 4:22-cv-03186 (D. Neb.).

This includes the power of courts "to implement the orders they issue by compelling persons not parties to the action to act, or by ordering them not to act." *USCOC of Greater Missouri, LLC v. Cnty. of Franklin, Mo.*, 636 F.3d 927, 932 (8th Cir. 2011) (internal citations and quotations omitted). Thus, "[t]he power conferred by the Act extends, under appropriate circumstances, to persons who, though not parties to the original action or engaged in wrongdoing, are in a position to frustrate the implementation of a court order or the proper administration of justice . . . and encompasses even those who have not taken any affirmative action to hinder justice." *United States v. New York Tel. Co.,* 434 U.S. 159, 174, 98 S. Ct. 364, 373, 54 L. Ed. 2d 376 (1977) (internal citations omitted).

It is well recognized in the Eighth Circuit that "the district court has the inherent ability to protect its own jurisdiction over the dispute pending before it." *Bank of Am., N.A. v. UMB Fin. Servs., Inc.,* 618 F.3d 906, 914 (8th Cir. 2010) (finding "district court did not err in temporarily enjoining the parties from participating in binding arbitration on a matter which [defendant] was attempting simultaneously to litigate in district court" under All Writs Act); *USCOC of Greater Missouri,* 636 F.3d at 932 (exercising authority under All Writs Act and directing district court "to enjoin any collateral attacks on upcoming administrative and judicial proceedings, including a pending state court claim); *Nebraska Data Centers, LLC v. Khayet*, No. 8:17-cv-369, 2018 WL 618421, at *8 (D. Neb. Jan. 26, 2018) (finding it "in the interests of justice to enjoin [party] from simultaneously pursuing duplicative litigation in the District of Kansas"); *Wickenkamp*, 475 F. Supp. 3d at 986 ("The Court has authority to enjoin [plaintiff] from participating in further litigation against the defendants pursuant to the Court's inherent powers and the All Writs Act."); *Phillips Beverage Co.,* 204 F.3d at 806 (district court acted properly under the authority granted it by the All Writs Act).

Because Movants' Counsel's actions here directly challenge this Court's authority—including by undermining its leadership appointment over the Class—this Court should order Movants' Counsel to cease prosecution of the *Carr* Act and/or stay the *Carr* Action under the All Writs Act.[8]

## CONCLUSION

For the reasons set forth herein, Plaintiffs respectfully request that the motion to intervene be denied in its entirety. Plaintiffs additionally request that the Court issue an injunction against Movants' Counsel and/or stay the *Carr* Action.

Dated: March 26, 2024

Respectfully submitted,

*/s/ Ian W. Sloss*
Ian W. Sloss
Johnathan Seredynski
**SILVER GOLUB & TEITELL LLP**
One Landmark Square, Floor 15
Stamford, CT 06901
Tel: (203) 325-4491
isloss@sgtlaw.com
jseredynski@sgtlaw.com

-and-

Christian Levis
Amanda Fiorilla
**LOWEY DANNENBERG, P.C.**
44 South Broadway, Suite 1100
White Plains, NY 10601
Tel: (914) 997-0500
clevis@lowey.com
afiorilla@lowey.com

Anthony M. Christina
**LOWEY DANNENBERG, P.C.**

---

[8] Plaintiffs also intend to separately move to stay the *Carr* Action.

One Tower Bridge
100 Front Street, Suite 520
West Conshohocken, PA 19428
Tel: (215) 399-4770
achristina@lowey.com

-and-

Joel M. Carney, #21922
Jeana L. Goosmann, #22545
**GOOSMANN LAW FIRM, PLC**
17838 Burke Street, Ste. 250
Omaha, NE 68118
Tel: (402) 280-7648
carneyj@goosmannlaw.com
goosmannj@goosmannlaw.com

*Counsel for Plaintiffs and the Proposed Classes*

## CERTIFICATE OF COMPLIANCE WITH LOCAL CIVIL RULE 7.1(d)(3)

Undersigned counsel for Nebraska Plaintiffs hereby certifies that this memorandum of law (the "Brief") complies with the word-count limit described of Local Civil Rule 7.1(d)(1)(A). Undersigned relied on the word count feature of the word-processing system, Microsoft Word, Version 2018, used to prepare the Brief. The actual number of words in the Brief, including all text (the caption, body, headings, footnotes, and quotations), is 4,966 words.

I declare pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct.

*/s/ Ian W. Sloss*
Ian W. Sloss

## CERTIFICATE OF SERVICE

I hereby certify that on March 26, 2024, a copy of this motion was filed electronically with the U.S. District Court for the District of Nebraska and served on all counsel of record through the CM/ECF system.

*/s/ Ian W. Sloss*
Ian W. Sloss
