IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| WILLIAM SPEARMAN, individually and on behalf of all others similarly situated,<br><br>         Plaintiffs,<br><br>    vs.<br><br>NELNET SERVICING, LLC, and EDFINANCIAL SERVICES, LLC,<br><br>         Defendants. | **4:22CV3191**<br><br><br>**FINDINGS, RECOMMENDATION, AND ORDER** |

Pending before the Court is a Motion to Intervene filed by Kathleen Carr, Keegan Killory, and Kelsie Powell (the "Intervenors"), Filing No. 83, as well as a Motion for Leave to File Sur-Reply and Request for Oral Argument by the Plaintiffs. Filing No. 92. The Court denies Plaintiffs' Motion to File Sur-Reply and Request for Oral Argument. The Court also denies the Intervenors' informal request, Filing No. 88 at 1, to strike Defendant Nelnet Servicing, LLC's ("Nelnet") response brief as untimely.[1]

The Intervenors seek to intervene in this consolidated putative class action for two reasons: (1) to seek a stay of the instant action pending the outcome of a related putative class action lawsuit captioned *Carr et al. v. Oklahoma Student Loan Authority & Nelnet Servicing, LLC*, No. 5:23-cv-00099 (W.D. Okla. filed January 3, 2023) (the "Oklahoma action") or (2) to seek appointment of William B. Federman of Federman & Sherwood as interim lead class counsel or interim co-lead class counsel of the Nelnet and OSLA claims. Filing No. 84 at 23. The Court grants the Motion to Intervene in part and denies it in part without prejudice.

Additionally, Plaintiffs informally request the Court either enjoin Mr. Federman from prosecuting the Oklahoma action or stay the Oklahoma action pursuant to the All Writs Act. Filing No. 85 at 15. The undersigned finds and recommends the Court deny Plaintiffs' informal requests.

---

[1]  The Intervenors did not file a written motion pursuant to the Federal Rules of Civil Procedure and this Court's local rules. *See* Fed. R. Civ. Proc. 7; NECivR. 7.1.

1

## BACKGROUND AND PROCEDURAL HISTORY

This putative class action arises out of an alleged data breach at Nelnet. Filing No. 51. Nelnet is a student loan servicer that facilitates loan processing for Defendant EdFinancial Services, LLC ("EdFinancial") and the Oklahoma Student Loan Authority ("OSLA"). Filing No. 51. The multidistrict litigation panel denied Plaintiffs' motions to transfer and centralize the Nelnet litigation in the District of Nebraska. Filing No. 37. This Court consolidated twenty-three cases filed against Nelnet and EdFinancial and appointed Lowey Dannenberg, P.C. and Silver Golub & Teitell LLP ("Lowey/SGT") as interim co-lead class counsel. Filing No. 43. OSLA is not a party in the Nebraska action. Plaintiffs' claims against EdFinancial were stayed pending the Court's ruling on Nelnet's motion to dismiss.[2] Filing No. 72. Plaintiffs' class is not certified, and the action is still in the pleading stage.

The Intervenors are currently litigating a similar case against Nelnet and OSLA in the Oklahoma action. Filing No. 86-2. After the Intervenors filed the instant pending Motion to Intervene, Plaintiffs filed a Notice of Settlement, Filing No. 96, indicating they had reached a settlement with Nelnet, EdFinancial, and OSLA. The parties (and OSLA) have not yet submitted the settlement for preliminary approval and the terms of the settlement are not otherwise before the Court.[3]

The Intervenors seek to intervene under both prongs of Federal Rule of Civil Procedure 24—intervention as of right and permissive intervention—to either (1) move for a stay of the Nebraska action pending resolution of the Oklahoma action or (2) move to appoint Mr. Federman as interim lead class counsel or interim co-lead class counsel of the Nelnet and OSLA claims. Plaintiffs and Nelnet argue the Court should deny the Intervenors' motion. In addition, Plaintiffs argue the Court should stay the Oklahoma

---

[2]  The parties jointly moved the Court to delay ruling on the pending motion to dismiss while the parties attempted to reach a settlement. After being advised the parties did not reach a settlement following a failed mediation, the Court terminated the motion to dismiss subject to reopening after the Court resolved the issues presented by the instant Motion to Intervene. Filing No. 87.

[3]  Plaintiffs represented to the Court in the Supplemental Notice of Settlement that the parties and OSLA executed a binding term sheet outlining the terms of the settlement. Filing No. 97 ¶ 1. These settlement terms are not before the Court, including in the Notice of Settlement, Filing No. 96, the Supplemental Notice of Settlement and Intervention in Oklahoma Action, Filing No. 97, or the corresponding exhibits filed with the supplemental notice.

action pursuant to the All Writs Act. The Court grants the Motion to Intervene in part and denies it in part without prejudice. The undersigned finds and recommends the Court deny Plaintiffs' informal requests for injunctive relief.

## ANALYSIS

### I.    Intervenors' Motion to Intervene.

The Intervenors move for intervention as of right and permissive intervention. The Court grants the Motion to Intervene in part and denies it in part.

#### a.  *Intervention as of Right.*

Federal Rule of Civil Procedure 24(a)(2) permits intervention as of right if the intervenor "(1) files a timely motion to intervene; (2) 'claims an interest relating to the property or transaction that is the subject of the action'; (3) is situated so that disposing of the action may, as a practical matter, impair or impede the movant's ability to protect that interest; and (4) is not adequately represented by the existing parties." *Swinton v. SquareTrade, Inc.*, 960 F.3d 1001, 1004 (8th Cir. 2020) (quoting *Nat'l Parks Conservation Ass'n v. U.S. E.P.A.*, 759 F.3d 969, 975 (8th Cir. 2014)). The Court construes Rule 24 liberally and resolves all doubts in favor of the intervenor. *Id.*

**Timeliness and Impairment of the Intervenors' Interest:**

The Court considers four factors to determine whether the Intervenors' Motion to Intervene is timely: "(1) the extent the litigation has progressed at the time of the motion to intervene; (2) the prospective intervenor's knowledge of the litigation; (3) the reason for the delay in seeking intervention; and (4) whether the delay in seeking intervention may prejudice the existing parties." *In re Uponor, Inc., F1807 Plumbing Fittings Products Liability Litigation*, 716 F.3d 1057, 1065 (8th Cir. 2013) (quoting *Am. C.L. Union of Minn. v. Tarek ibn Ziyad Acad.*, 643 F.3d 1088, 1094 (8th Cir. 2011)). "In the class action context, the second and third prongs of the Rule 24(a)(2) inquiry are satisfied by the very nature of Rule 23 representative litigation." *Swinton*, 960 F.3d at 1004 (quoting with approval *In re Cmty. Bank of N. Va.*, 418 F.3d 277, 314 (3d Cir. 2005)).

The Intervenors' motion is timely. The existing parties are not prejudiced because the litigation has not progressed past the pleading stage into class certification or the

preliminary approval of a settlement. Prongs two and three are met because the Intervenors argue they are putative class members in the Nebraska action and allege claims against OSLA and Nelnet in the Oklahoma action. The sole remaining issue is whether Plaintiffs adequately represent the Intervenors.

**Adequate Representation:**

The Intervenors argue their interests are not adequately represented for two reasons: (1) the Nebraska parties engaged in a collusive reverse auction to settle the OSLA claims and (2) the Plaintiffs settled with OSLA in a Court lacking subject matter jurisdiction over the OSLA claims.

Ordinarily, persons seeking intervention only need to overcome a "minimal" burden to prove inadequate representation. *U.S. v. Union Elec. Co.*, 64 F.3d 1152, 1168 (8th Cir. 1995). The Court presumes adequate representation, however, when "an existing party to the suit is charged with the responsibility of representing the intervenor's interests." *F.T.C. v. Johnson*, 800 F.3d 448, 452 (8th Cir. 2015). In class actions, this presumption applies "when the persons attempting to intervene are members of a class already involved in the litigation or are intervening only to protect the interests of class members." *Swinton*, 960 F.3d at 1005 (quoting *Jenkins by Jenkins v. Missouri*, 78 F.3d 1270, 1275 (8th Cir. 1996)) (applying presumption to putative class member).

The Intervenors are OSLA plaintiffs who assert they are putative class members in the Nebraska litigation. *See, e.g.*, Filing No. 84 at 19. They allege the Nebraska parties engaged in collusive settlement discussions to settle the OSLA claims and are intervening to protect their interests by seeking a stay of the Nebraska action until the Oklahoma action against OSLA is resolved. The proposed nationwide class definition in the Amended Complaint encompasses OSLA plaintiffs and, thus, Intervenors. Filing No. 51 ¶ 353.[4] Moreover, one of the named plaintiffs in the Nebraska action (Mary Traynor) is an OSLA plaintiff. Filing No. 51 ¶¶ 344–52. The Intervenors must overcome the presumption that their interests are already adequately represented in this litigation.

---

[4] "All persons in the United States whose personal information was compromised in the Data Breach made public by Nelnet in August 2022." Filing No. 51 ¶ 353.

To overcome the presumption of adequate representation, the Intervenors need to point to something more than "[a] difference of opinion concerning litigation strategy or individual aspects of a remedy." *Jenkins*, 78 F.3d at 1275. Generally, representation is adequate if the class representative does not collude with the opposing party, represent an interest adverse to the intervenor, or otherwise fail to fulfill their duty. *Liddell v. Caldwell*, 546 F.2d 768, 771 (8th Cir. 1976). "A collusive reverse auction would satisfy the inadequate representation requirement." *Swinton*, 960 F.3d at 1006. A reverse auction occurs when "the defendant in a series of class actions picks the most ineffectual class lawyers to negotiate a settlement with in the hope that the district court will approve a weak settlement that will preclude other claims against the defendant." *Id.* (quoting *Reynolds v. Beneficial Nat'l Bank*, 288 F.3d 277, 282 (7th Cir. 2002)).

The Intervenors did not submit or point to any evidence indicating Plaintiffs colluded with Defendants (despite their conclusory statements speculating that such occurred). Plaintiffs did not include the Intervenors in settlement discussions with Defendants and OSLA but this is not evidence of collusion. *Swinton*, 960 F.3d at 1006 ("[T]he Federal Rules do not require . . . that settlement discussions involve class members."). A review of the docket reveals Plaintiffs have diligently worked to progress the Nebraska action by filing an amended complaint after consolidation, defending against a motion to dismiss, and participating in two mediations. Since the terms of the settlement are not in front of the Court, all but one of the Intervenors' remaining arguments are premature and speculative.[5]

The Intervenors also argue Plaintiffs are inadequate representatives for settling the OSLA claims in a Court that may lack subject matter jurisdiction. The Court finds the Intervenors rebutted the presumption Plaintiffs are adequate representatives for this limited issue. While the undersigned was unable to locate any Eighth Circuit precedent on this issue, the undersigned was persuaded by the rationale the Tenth Circuit applied

---

[5]  The Intervenors argue Plaintiffs do not adequately represent their interests because the settlement agreement with OSLA does not account for the greater damages available to class members in the Oklahoma action for two reasons: (1) the Oklahoma action is more procedurally advanced and (2) punitive damages are available in Oklahoma. The Court cannot evaluate the merits of these arguments when the terms of the settlement are not before it.

in *Elliott Industries Ltd. Partnership v. BP America Production Co.*, 407 F.3d 1091 (10th Cir. 2005).

In *Elliott*, a class representative filed a class action in federal court. A putative class member filed a parallel litigation in state court. The class representative consistently argued the federal court could exercise subject matter jurisdiction over the class's claims. The federal district court entered final judgment against the class in the defendants' favor. The putative class member moved to intervene in the class representative's appeal to contest subject matter jurisdiction. The Tenth Circuit permitted the intervention on appeal because neither the class representative nor the defendants had an interest in contesting jurisdiction. *Id.* at 1003–04.

Like the parties in *Elliott*, neither Plaintiffs nor Defendants and OSLA have an interest in contesting the Court's subject matter jurisdiction—doing so would dismantle the parties' settlement agreement. While the Court is independently obligated to determine subject-matter jurisdiction, permitting Intervenors to participate in the litigation for this purpose will aid the Court's review of the settlement. *See Elliott Indus. Ltd. P'ship v. BP Am. Prod. Co.*, 407 F.3d at 1104 ("The issue of subject matter jurisdiction is essential to this court's review and while we would address it without regard to whether the parties dispute its existence, our inquiry is aided by the presence of [the intervenor].").

Accordingly, the Intervenors successfully rebutted the presumption Plaintiffs are adequate representatives. They did so solely on the issue of subject matter jurisdiction, however. The Intervenors did not rebut the presumption with their speculations Plaintiffs colluded in a reverse auction or otherwise entered into a settlement that undervalued the potential recovery available to OSLA class members in the Oklahoma action. Accordingly, the Intervenors may intervene as of right but the Court next turns to the scope of their intervention.

**b.  *Scope of the Intervenors' Intervention as of Right.***

An intervenor who is entitled to intervene as of right is not necessarily entitled to intervene as of right for any purpose the intervenor identifies. The Court may appropriately limit the scope of the intervenor's ability to intervene as of right. *See, e.g., Snell v. Allianz Life Ins. Co. of N. Am.*, No. CIV.97-2784, 2001 WL 1766338, at *4 (D. Minn. Dec. 3, 2001),

*rev'd on other grounds*, 327 F.3d 665, 670 (8th Cir. 2003) (district court did not err in concluding intervenor's interests were sufficient to intervene as of right for a limited purpose instead of the broader purpose the intervenor desired).

The Intervenors move to intervene as of right to either (1) stay the Nebraska action or (2) move the Court to appoint their attorney as interim lead or co-lead class counsel of the Nelnet and OSLA claims. However, the Intervenors' sole unprotected interest is an interest in contesting the subject matter jurisdiction of the Court to approve a settlement of the OSLA claims. Accordingly, the Intervenors are permitted to intervene as of right for this purpose and this purpose only. The Court will consider the Intervenors' arguments in favor of intervening for a broader purpose when it addresses the Intervenors' motion for permissive intervention.

The Court grants the Intervenors' motion to intervene as of right in part. It denies the remainder of the Intervenors' motion to intervene as of right without prejudice to a later motion that may become appropriate if new facts develop and the Intervenors can prove—not merely speculate—the Plaintiffs are not adequate representatives.

### c. *Permissive Intervention.*

The Intervenors alternatively argue the Court should allow them to intervene pursuant to Federal Rule of Civil Procedure 24(b). Rule 24(b) provides the Court may permit intervention if the intervenor "has a claim or defense that shares with the main action a common question of law or fact." "[T]he [C]ourt must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." "The decision to grant or deny a motion for permissive intervention is wholly discretionary." *South Dakota ex rel. Barnett v. U.S. Dep't of Interior*, 317 F.3d 783, 787 (8th Cir. 2003). "Although the adequacy of protection is only a minor variable in the Rule 24(b) decision calculus, it is not an illegitimate consideration, and can be a legitimate rationale for denying a permissive intervention motion." *Cullan & Cullan LLC v. M-Qube, Inc.*, No. 8:13CV172, 2014 WL 347034, at *5 (D. Neb. Jan. 30, 2014) (citing South Dakota ex rel. Barnett, 317 F.3d at 787–88).

The Intervenors are intervening to (1) seek the appointment of their attorney as interim class counsel for the Nelnet and OSLA claims or (2) stay the Nebraska action until

the Oklahoma action is resolved. First, the Court appointed Lowey/SGT as interim class counsel to represent the putative class, including the Intervenors. Filing No. 43. Reopening this issue wastes judicial resources and unduly delays the resolution of this action. *See U.S. v. Metro. St. Louis Sewer Dist.*, 569 F.3d 829, 840 (8th Cir. 2009) (purpose of intervention is to promote judicial efficiency).

Second, permitting the Intervenors to intervene to stay the Nebraska action prejudices the existing parties. *See Webb v. Dr. Pepper Snapple Grp., Inc.*, No. 4:17-00624, 2018 WL 1990509, at *4 (W.D. Mo. Apr. 26, 2018) (plaintiffs prejudiced in part because intervenors were seeking intervention solely to stay, transfer, or dismiss plaintiffs' action); *Swinton v. SquareTrade, Inc.*, No. 4:18-CV-00144, 2018 WL 8458862, at *7 (S.D. Iowa Sept. 21, 2018), *aff'd*, 960 F.3d 1001 (parties prejudiced because intervenors were seeking intervention to stay while settlement was pending court approval); *see also Echard v. Wells Fargo Bank N.A.*, No. 2:21-cv-5080, 2022 WL 1210321, at *4 (S.D. Ohio Apr. 25, 2022) (undue delay and prejudice to parties because intervenors were intervening solely to "stop" the action); *Attix v. Carrington Mtg. Servs., LLC*, No. 1:20-cv-22183, 2020 WL 9849821, at *3 (S.D. Fla. Oct. 13, 2020) (same). The Intervenors do not seek intervention to participate in the Nebraska action. Permitting intervention solely to stay the action will unduly halt the Nebraska litigation and prejudice the existing parties.

As addressed above, the Intervenors are permitted to intervene as of right to the extent their interests are not adequately represented in this litigation and for the limited purpose outlined above. Their requests to intervene for a broader purpose are designed to delay and prejudice the existing parties. The Court denies the Intervenors' motion for permissive intervention. Once again, the motion is denied without prejudice to account for the possibility, as discussed above, that new facts might develop allowing the Intervenors to prove Plaintiffs do not adequately represent them on matters beyond the subject matter jurisdiction issue. The undersigned notes, however, that the Court is extremely unlikely to grant a motion to intervene for the sole purpose of reopening issues already settled by this Court or for staying the Nebraska action.

## II.    Plaintiffs' Informal Request to Enjoin the Intervenors' Counsel or Stay the Oklahoma Action Pursuant to the All Writs Act.

Plaintiffs argue in their response brief the Court should either (1) enjoin the Intervenors' counsel—Mr. Federman—from prosecuting the Oklahoma action or (2) stay the Oklahoma action pursuant to the All Writs Act. The Court should deny Plaintiffs' informal requests.

Procedurally, Plaintiffs did not comply with either the Federal Rules of Civil Procedure or the local rules of this Court. "Federal Rule of Civil Procedure 7(b)(1) generally requires parties to request court orders by a written motion and 'state with particularity the grounds for seeking the order' and 'the relief sought.'" *Doe v. Bd. of Regents of Univ. of Neb.*, 509 F. Supp. 3d 1133, 1144 (D. Neb. 2020) (denying plaintiff's request to construe her informal request for leave to amend in her response brief as a written motion); *see also* NECivR. 7.1(a)(1)(A) (party's "brief must be separate from, and not attached to or incorporated in, the motion"). The Court should decline to construe Plaintiffs' arguments in the response brief as a written motion and deny Plaintiffs' informal requests on this basis.

Substantively, denial is still appropriate even if Plaintiffs had properly raised their informal requests in a written motion. The All Writs Act authorizes federal courts to "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). "Injunctions of related proceedings in other federal courts are appropriate when necessary for adjudication or settlement of a case." *Liles v. Del Campo*, 350 F.3d 742, 747 (8th Cir. 2003).

First, Mr. Federman's actions (filing the Oklahoma action and the Motion to Intervene) do not rise to the level of "a sufficiently serious and systematic abuse of the courts" that could warrant an order enjoining him from prosecuting the Oklahoma action on behalf of his clients. *See Newby v. Enron Corp.*, 302 F.3d 295, 302–03 (5th Cir. 2002) (affirming district court's order enjoining law firm pursuant to All Writs Act from filing new related actions without leave of court after firm filed multiple related lawsuits, sought multiple unjustified ex parte temporary restraining orders, indicated it would continue filing cases, and would not agree to notify defendants before seeking a TRO).

Second, an injunction staying the Oklahoma action is not appropriate because it is not necessary at this stage without a written settlement submitted for preliminary approval or a class certification to protect in the Nebraska action. *Cf. Liles*, 350 F.3d at 746–47 (affirming district court's order enjoining related litigation to preserve settlement fund after it preliminarily approved settlement); *Pipes v. Life Investors Ins. Co. of Am.*, 711 F. Supp. 2d 964, 966–67 (E.D. Ark. 2009) (state court proceedings did not threaten district court's jurisdiction in the absence of class certification or the conditional approval of a class settlement). Accordingly, the Court should also deny Plaintiffs' informal requests on substantive grounds.

### III.    Plaintiffs' Motion for Sur-Reply and Request for Oral Argument.

Plaintiffs moved for leave to file a sur-reply and to request a hearing on the Intervenors' Motion to Intervene. Filing No. 92.

First, a party must obtain leave of the Court to file a sur-reply brief. NECivR. 7.1(c)(3). "Sur-replies are largely disfavored in federal court." *Vanicek v. Kratt*, No. 8:21-CV-49, 2023 WL 6390251, at *1 (D. Neb. May 23, 2023) (quoting *Fuller v. Lion Oil Trading & Transp., LLC*, No. 1:19-CV-1020, 2020 WL 3057392, at *6 (W.D. Ark. June 9, 2020), *aff'd*, 848 F. App'x 223 (8th Cir. 2021)). A sur-reply may be appropriate when a reply brief raises new issues. *Id.* Plaintiffs' proposed sur-reply does not address new legal issues raised by the Intervenors' reply. For this reason, Plaintiffs' motion for sur-reply is denied.

Second, this Court's local rules require a party opposing a motion to file a motion for oral argument "no later than the deadline for filing an opposing brief." NECivR. 7.1(e). Plaintiffs' response deadline lapsed March 26, 2024. *See* NECivR. 7.1(b) (response brief due fourteen days after motion and supporting brief filed and served). Plaintiffs did not file the motion for oral argument until April 4, 2024. Accordingly, Plaintiffs' motion for oral argument is also denied.

### CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** as follows:

1.  The Intervenors' informal request to strike Nelnet's reply brief is denied.

2.  Plaintiffs' Motion for Leave to File Sur-Reply and Request for Oral Argument (Filing No. 92) is denied.

3.  The Motion to Intervene (Filing No. 83) is denied in part without prejudice.

4.  The Motion to Intervene (Filing No. 83) is granted in part.

    a.  The Intervenors shall be joined as parties in this action for the purpose of objecting to the preliminary approval of the proposed settlement on subject matter jurisdiction grounds.

    b.  The Intervenors shall participate, solely for this limited purpose, in any future proceedings concerning the settlement.

    c.  The Clerk of the Court shall amend the caption to list the Intervenors.

**IT IS RECOMMENDED** to the Honorable John M. Gerrard, Senior United States District Judge, pursuant to 28 U.S.C. § 636(b), that Plaintiffs' informal requests for an injunction pursuant to the All Writs Act be denied.

The parties are notified that failing to file an objection to this recommendation as provided in the local rules of this Court may be held to be a waiver of any right to appeal the Court's adoption of the recommendation.

Dated this 18th day of June, 2024.


BY THE COURT:


*s/ Jacqueline M. DeLuca*
United States Magistrate Judge