**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEBRASKA**

| | |
|---|---|
| *In Re:* | Case No. 4:22-cv-3191 |
| *Data Security Cases Against NELNET SERVICING, LLC* | The Honorable John M. Gerrard, U.S.D.J. |
| | The Honorable Jacqueline M. DeLuca, U.S.M.J. |

**DECLARATION OF CHRISTIAN LEVIS IN SUPPORT OF PLAINTIFFS' MOTION**
**FOR PRELIMINARY APPROVAL OF**
**PROPOSED CLASS ACTION SETTLEMENT**

I, Christian Levis, pursuant to 28 U.S.C. § 1746, hereby declare as follows:

1. I am a partner with the law firm Lowey Dannenberg, P.C. ("Lowey"), which serves as Class Counsel with Silver Golub & Teitell LLP ("SGT"). I submit this Declaration in connection with Plaintiffs' motion for preliminary approval of the proposed class action settlement with Nelnet Servicing, LLC ("Nelnet"), Edfinancial Services, LLC ("Edfinancial"), and the Oklahoma Student Loan Authority ("OSLA," and collectively with Nelnet, and Edfinancial, the "Settling Entities").

2. Attached hereto as **Exhibit 1** is the Stipulation and Agreement of Class Action Settlement (the "Settlement Agreement" or "SA") between Plaintiffs and the Settling Entities (together, the "Parties"). Unless otherwise defined herein, all capitalized terms have the same meaning as in the Settlement Agreement.

3. Attached hereto as **Exhibit 2** is a true and correct copy of the Short Form Notice to be distributed to Settlement Class Members, to which a unique claimant code will be added for each Class Member.

1

4. Attached hereto as **Exhibit 3** is a true and correct copy of the Postcard Notice to be distributed to Settlement Class Members, to which a unique claimant code will be added for each Class Member.

5. Attached hereto as **Exhibit 4** is a true and correct copy of the Long Form Notice to be posted to the Settlement Website.

6. Attached hereto as **Exhibit 5** is a true and correct copy of the Settlement Claim Form to be posted to the Settlement Website.

7. Attached hereto as **Exhibit 6** is a true and correct copy of Lowey's firm résumé.

8. Attached hereto as **Exhibit 7** is a true and correct copy of SGT's firm résumé.

9. **<u>Background.</u>** Nelnet is a student loan servicing company based in Lincoln, Nebraska.

10. Nelnet provides technology services to Edfinancial and OSLA, including a website portal for Edfinancial's and OSLA's student loan borrowers to access their online loan accounts.

11. Beginning in June 2022, an unauthorized third party obtained personal information belonging to Plaintiffs and Class Members on the website portal provided by Nelnet. The process of such information being obtained by an unauthorized third-party continued until July 22, 2022 (the "Data Security Incident").

12. On or around August 26, 2022, Nelnet began publicly notifying state Attorneys General, as well as approximately 2,501,324 impacted student loan borrowers of Edfinancial and OSLA, that the borrowers' Personal Information had been compromised in the Data Security Incident. The Personal Information included student loan account registration information, including names, addresses, email addresses, phone numbers, and Social Security numbers.

13. On September 7, 2022, Lowey and SGT, on behalf of plaintiffs William Spearman, Brittni Linn, Jessica Alexander, Christopher Sangmeister, Taylor Vetta, Nichole Allocca, Kayli Lazard, and Bridget Cahill, initiated the Action and filed a putative class action complaint against Nelnet, asserting claims arising out of the Data Security Incident. ECF No. 1.

14. On September 14, 2022, Lowey and SGT, on behalf of plaintiffs Pamela Bump, Melissa Charbonneau, Douglas Conley, Noah Helvey, Dallin Iler, Dustin Jones, Devinne Petersen, Justin Randall, Sofia Rodriguez, and Rachel Woods, filed a putative class action complaint against Nelnet in the U.S. District Court for the District of Nebraska, asserting claims arising out of the Data Security Incident. *See Bump, et al. v. Nelnet Servicing, LLC*, No. 4:22-cv-03204, ECF No. 1 (D. Neb.) ("*Bump*").

15. On September 15, 2022, Lowey and SGT, moved under 28 U.S.C. § 1407 to centralize this litigation in the District of Nebraska as a Multi-District Litigation ("MDL") before the Judicial Panel on Multidistrict Litigation ("J.P.M.L."). *See In re Nelnet Servicing, LLC, Customer Data Security Breach Litigation*, MDL No. 3053, ECF No. 1 (J.P.M.L.). While the motion was before the J.P.M.L., on December 7, 2022, plaintiffs Ian Scott, Lesly Canales, Eric Polanco, Joshua Sanchez, and Delilah Oliveira filed a putative class action complaint against Nelnet in the U.S. District Court for the District of Nebraska, asserting claims arising out of the Data Security Incident. *See Scott, et al. v. Nelnet Servicing, LLC*, No. 4:22-cv-03259, ECF No. 1 (D. Neb.) ("*Scott*"). On December 13, 2022, the J.P.M.L. denied the motion to consolidate under § 1407.

16. On December 13, 2022, Lowey and SGT, on behalf of the Plaintiffs in the Action, *Bump*, and *Scott*, moved to consolidate all the related actions that were filed in or transferred to the U.S. District Court of the District of Nebraska related to the Data Security Incident.

17.　While consolidation motions were pending in the District of Nebraska, Kathleen Carr initiated an action against OSLA and Nelnet in Oklahoma state court arising out of the same Data Security Incident, which was later removed to the U.S. District Court of the Western District of Oklahoma on January 20, 2023. *See Carr v. OSLA, et al.*, No. 5:23-cv-00099-R, ECF No. 1 (W.D. Okla.).

18.　On January 30, 2023, this Court consolidated 23 cases against Nelnet and/or Edfinancial arising out of the Data Security Incident and after considering contested leadership motions among plaintiffs' counsel appointed Lowey and SGT as Interim Co-Lead Class Counsel. ECF No 43.

19.　OSLA and Nelnet moved the *Carr* court to transfer the action to this Court on April 28, 2023. *Carr*, ECF No. 27. After briefing, the *Carr* court denied OSLA and Nelnet's transfer motion. *Carr*, ECF No. 41.

20.　On March 10, 2023, Lowey and SGT filed a Consolidated Amended Class Action Complaint (the "Amended Complaint") against Nelnet and Edfinancial on behalf of 26 plaintiffs from 17 states, asserting, *inter alia*, claims arising out of the Data Security Incident for negligence, negligence *per se*, breach of implied contract, unjust enrichment, breach of confidence, invasion of privacy, violations of state consumer protection and notification statutes, and declaratory and injunctive relief. ECF No. 51.

21.　Plaintiff Mary nor, an OSLA borrower, was included in the Amended Complaint. Plaintiff Traynor served notice of her claims upon OSLA pursuant to Okla. Stat. Ann. tit. 51, § 156, *et seq.*, on May 8, 2023. Plaintiff Traynor's claims were denied via letter on June 9, 2023. Mayla Nelson served notice of her claims upon OSLA on October 24, 2023, and her claim was denied via letter on January 25, 2024.

22. On April 9, 2023, Edfinancial moved to stay the claims against it until resolution of the claims against Nelnet to which Plaintiffs responded. ECF Nos. 60, 66.

23. On April 24, 2023, Nelnet moved to dismiss the Amended Complaint. ECF No. 64. Plaintiffs responded. The motion to dismiss was fully briefed by July 10, 2023. *See* ECF Nos. 73, 78.

24. On June 5, 2023, the Court entered an Order staying the claims against Edfinancial pending resolution of Nelnet's motion to dismiss. ECF No. 72.

25. On October 26, 2023, Plaintiffs filed a Notice of Supplemental Authority to apprise the Court of recent developments in *Carr*. ECF No. 80. Specifically, Plaintiffs advised the Court of recent opinions by the U.S. District Court for the Western District of Oklahoma in *Carr* sustaining various claims against both Nelnet and OSLA. *Id.* Emphasizing similarities between *Carr* and this Action, Plaintiffs urged the Court to sustain claims against Nelnet as well as remove the stay against Edfinancial and order it to submit a responsive pleading. *Id.*

26. On March 13, 2024, counsel for the plaintiffs in the *Carr* moved to intervene in the instant case. ECF Nos. 83, 84. Plaintiffs and Nelnet each filed briefs opposing the proposed intervenors' motion, and the proposed intervenors filed a reply brief. ECF Nos. 85, 86, 88.

27. On March 27, 2024, this Court entered an Order terminating Nelnet's motion to dismiss, subject to reopening after resolution of the proposed intervenors' motion to intervene. ECF No. 87.

28. On June 18, 2024, Magistrate Judge Jacqueline M. DeLuca issued a report and recommendation concluding that the proposed intervenors' motion should be denied in part and granted in part and, specifically, that the proposed intervenors should be joined as parties to the action solely for the limited purpose of objecting to the preliminary approval of the proposed

settlement on subject matter jurisdiction grounds. ECF No. 98. On July 3, 2024, this Court entered an Order adopting Magistrate Judge DeLuca's report and recommendation. ECF No. 100.

29.     On June 13 2024, OSLA and Plaintiffs filed motions to stay the *Carr* action pending the Parties' execution of this Settlement Agreement. ECF Nos. 109, 110. Nelnet filed an additional motion to stay on June 24, 2024. ECF No. 116. The *Carr* court granted Nelnet's and OSLA's motions on July 12, 2024 and stayed the action. ECF No. 135.

30.     On July 12, 2024, Plaintiffs filed a Notice of Supplemental Authority to apprise this Court of an Order issued by the United States District Judge David L. Russell of the Western District of Oklahoma in the *Carr* Action granting motions to stay proceedings in the *Carr* Action filed by Nelnet and OSLA pending resolution of the settlement proceedings in the instant case. ECF No. 102.

31.     **Settlement Negotiations.** Following briefing on Nelnet's motion to dismiss, Plaintiffs and Nelnet began discussing the potential for mediation.

32.     Following these initial discussions, in November 2023, Plaintiffs and Nelnet decided they would attempt to mediate their dispute.

33.     Plaintiffs and Nelnet selected the Honorable Jay C. Gandhi (Ret.), U.S. Magistrate Judge (C.D. Cal.), as a mediator. Judge Gandhi is a skilled mediator with extensive class action, privacy, and data breach experience, including overseeing the $725 million class action settlement accusing Facebook of allowing third parties, including Cambridge Analytica, to access users' private information. *See In re: Facebook, Inc. Consumer Privacy User Profile Litigation*, MDL No. 18-md-02843-VC (N.D. Cal.).

34.     In preparation for the mediation, Plaintiffs requested and received certain documents and information from Nelnet to inform their settlement discussions, including

documents that would allow Plaintiffs to understand the full scope and cause of the Data Security Incident and the total number of impacted individuals.

35. On November 30, 2023, Plaintiffs and Nelnet exchanged mediation memoranda with Judge Gandhi and each other.

36. On December 1, 2023, Plaintiffs learned that Nelnet believed Edfinancial and OSLA were necessary parties to the mediation. As a result, the parties agreed to a global mediation including EdFinancial and OSLA.

37. On December 4, 2023, Plaintiffs submitted a supplemental confidential mediation memorandum to Judge Gandhi.

38. On December 8, 2023, the Parties engaged in a full day of mediation with Judge Gandhi. The parties made significant progress during this first mediation session. However, as several issues remained outstanding, the Parties agreed to reconvene later to continue negotiations.

39. On January 26, 2024, the Parties met for a second full day of mediation with Judge Gandhi. Again, the parties made significant progress, and concluded with a tentative agreement in principle as to the settlement amount, but with material issues that remained unresolved. The Parties continued their negotiations after the January 26 mediation session.

40. On January 29, 2024, counsel for the Parties jointly emailed the chambers of Magistrate Judge DeLuca and alerted the Court that a potential settlement was likely contingent on the resolution of several outstanding issues and requested a stay of the pending motion to dismiss while they continued their discussions. Thereafter, the Parties continued their discussions, which included multiple meetings and email exchanges.

41. On June 11, 2024, Plaintiffs filed a Notice of Settlement to apprise this Court that they had reached a settlement in principle with Nelnet, Edfinancial, and OSLA and that the Parties

were in the process of preparing a written settlement agreement and anticipated filing a motion for preliminary approval within 45 days. ECF No. 96.

42. The same day, Nelnet agreed to provide Plaintiffs with reasonable confirmatory discovery related to its investigation of the Data Security Incident.

43. On June 12, 2024, Plaintiffs filed a Supplemental Notice of Settlement and Intervention to apprise this Court that: (1) the Parties had executed a binding term sheet outlining the terms of the Settlement and that (2) Plaintiffs had filed a Motion to Intervene and Stay Pending Final Approval of the Settlement in Related Class Action and Memorandum of Law in Support in *Carr*. ECF No. 97. Thereafter, Plaintiffs, Nelnet, and Edfinancial jointly sought, and this Court granted, an extension of the deadline for filing a motion for preliminary approval to August 16, 2024. ECF Nos. 105, 106.

44. Plaintiffs and Class Counsel were well-informed regarding the strengths and weaknesses of Plaintiffs' claims before reaching the Settlement. Class Counsel are experienced in prosecuting class action cases, including those specifically involving data breaches and consumer privacy claims. *See* Exhibits 6 – 7. Prior to executing the Settlement, Plaintiffs and Class Counsel also had the benefit of information obtained through Class Counsel's investigation and analysis, as well as information and documents exchanged during the mediation process.

45. The Settling Entities were represented by skilled counsel. Nelnet, for its part, is represented by counsel from Mullen Coughlin LLC, a respected law firm with expertise in data breach/data security law. The same is true for OSLA (Cipriani and Werner) and Edfinancial (Baker & Hostetler).

46. Confirmatory discovery provided by Nelnet on a confidential basis included (1) information about the unauthorized third party who committed the Data Security Incident, (2)

8

information regarding the root cause of the incident including the third-party's method of obtaining data, (3) copies of submissions to regulators, (4) information pertaining to an ongoing law enforcement investigation into the incident and the third-party individual, and (5) additional information consistent with the incident being committed by an individual who did not sell the data for posting to the dark web.

47. After several months of negotiations, as well as the review of confirmatory discovery, the Parties executed the Settlement Agreement on August 16, 2024.

48. The Settlement Agreement involves a structure and terms that are common in class action settlements, including data breach cases, and provides Nelnet, Edfinancial, and/or OSLA with a qualified right to terminate the Settlement if the number of Settlement Class Members who timely exercise their right to request exclusion from the Settlement Class exceeds a certain number. Such a provision is common in large class action cases.

49. Class Counsel has strong reason to believe, based on public statements about the scope of the Data Security Incident and Nelnet's investigation of the Data Security Incident, as well as information and documents exchanged during negotiations, that there are millions of geographically dispersed persons that fall within the Settlement Class definition.

50. **Distribution Plan.** The Settlement Agreement provides that eligible Settling Class Members, upon filing a timely Settlement Claim Form, may receive from the Net Settlement Fund: (A) Credit Monitoring and Identity Theft Production and (B) either (i) reimbursement up to $5,000.00 for documented out-of-pocket losses resulting from the Data Security Incident and up to $100 for time spent remedying the impact of the Data Security Incident or (2) a *pro rata* share from the remaining cash payment fund after payments are made for Credit Monitoring and Identity Theft Production and reimbursement of out-of-pocket losses and lost time.

51.     Credit monitoring would be provided for two (2) years and include identity restoration service and identity theft insurance up to $1,000,000. This credit monitoring product has an approximate retail value of $187 per year.

52.     An eligible Settling Class Member may receive a cash payment for documented out-of-pocket losses and lost time or a cash payment reflecting a *pro rata* share of the remaining cash fund, but not both. However, if a Settling Class Member that files a claim for cash payment for documented out-of-pocket losses and lost time, and that amount is less than the *pro rata* share from the remaining cash payment fund, the Settling Class Members claim will be converted to one for a *pro rata* share cash payment, and the payment amount increased accordingly.

53.     Additionally, Settling Class Members who were California residents at the time of the Data Security Incident will receive a 2x multiplier on the *pro rata* share cash payment to account for the increased legal value of claims under California's data protection laws, which provide statutory damages.

54.     Should the total claims exceed the total of the amount of the Net Settlement Fund, then the value of such payments will be reduced on a *pro rata* basis in reverse order of the priority assigned to the Settlement Benefits, starting with the *pro rata* share cash payment reduced first, then the cash payments for documented out-of-pocket losses and lost time, and finally Credit Monitoring and Identity Theft Production.

55.     **Attorneys' Fees.** Class Counsel will seek no more than one-third of the Settlement Fund in attorneys' fees, which may be paid from the Settlement Fund following the Effective Date. SA § 19.2. Counsel will also seek their reasonably incurred litigation expenses in an amount not to exceed $65,000. *Id.* Finally, Plaintiffs will also seek Service Awards of $1,500 per Plaintiff, totaling no more than $40,500. SA § 18.1.

56. **Notice Plan.** The proposed claims administrator, A.B. Data, Ltd. ("A.B. Data"), developed the proposed Notice Plan and related forms of notice in coordination with Class Counsel. *See* Declaration of Justin Parks of A.B. Data ("Parks Decl."), filed herewith; Levis Decl. Exs. 2 – 5. Settling Entities have reviewed the Notice Plan and have no objection to it.

57. Class Counsel recommends that A.B. Data be appointed as the Claim Administrator. A.B. Data has extensive experience in class action administration and designed notice plans that have been approved in numerous complex class actions. *See* Parks Decl. ¶ 3.

58. The proposed Notice Plan and related forms of notice are reasonably calculated to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.

59. The Notice Plan uses a combination of direct notice—primarily through email, when such information is available, and via First-Class Mail, when only mailing addresses are accessible—and limited supplemental notice through media to inform Settlement Class Members about the Settlement. A dedicated case-specific website and toll-free telephone number will serve as additional resources for Settlement Class Members.

60. Direct notice will be provided using the Short Form Notice formatted as an email or postcard. The Short Form Notice will be sent via email to all Settlement Class Members for whom email addresses are available. Where an email address is not available, the Postcard Notice will be mailed via First Class U.S. Mail, postage pre-paid, to all Settlement Class Members for whom a mailing address is provided on the Class List.

61. The Short Form Notice will include links to the case-specific website for this Action where Settlement Class Members will be able to access the detailed Long Form Notice. The Short Form and Long Form Notices will include information concerning the Settlement, and advise

11

Settlement Class Members of their rights and options available under the Settlement, including: the Settlement Benefits, their right to request exclusion from or object to the Settlement; the process and deadlines to file a claim, request exclusion, and object; and the binding effect of a Class judgment.

62. Given the size of this Settlement Class and that the Settling Entities has email addresses for the much of the Settlement Class, the sending the Short Form notice via email is the most efficient and effective means to directly inform Class Members of the Settlement.

63. A.B. Data plans to implement a limited supplemental notice program using paid media to reach Settlement Class Members.  Using the information provided in the Class List, targeted advertisements will appear across desktop, tablet, and mobile devices of Settlement Class Members for 30 days on Google Display Network and YouTube. A.B. Data will also leverage social media listening technology to monitor social media channels throughout the notice campaign. Upon Class Counsel's request, A.B. Data will respond to comments about the case using standard language that directs individuals to the Settlement Website and telephone number. The supplemental notice is likely to reach Settlement Class Members that may not see or receive the Short Form Notice via email or mail.

64. The dedicated Settlement Website created by A.B. Data will serve as a one-stop source by which Class Members can access relevant documents relating to the proposed Settlement. On the Settlement Website, Class Members can review and obtain: (i) the Settlement Agreement; (ii) the Long Form Notice, which provides details of the key facts of this case and this Settlement in plain, easily understood language; (iii) a sample of the Short Form Notice mailed to Class Members; (iv) the Settlement Claim Form that allows eligible Class Members to elect their Settlement Benefits; (v) key Court filings; and (vi) updates and developments about the case. The

Claims Administrator will also operate a toll-free number with automated answers to Class Members' questions.

65. The Notice Plan and settlement administration costs incurred by A.B. Data will be paid out of the Settlement Fund. A.B. Data will also administer the Settlement Fund Account and has performed this service in other class action settlements.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 24, 2024
White Plains, New York

_____
Christian Levis

13