## EXHIBIT 4

## **LONG FORM NOTICE OF PROPOSED CLASS ACTION SETTLEMENT**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEBRASKA**

| | |
|---|---|
| *In re* <br><br> *Data Security Cases Against NELNET SERVICING, LLC* | Case No. 4:22-cv-3191 <br><br> The Honorable John M. Gerrard, U.S.D.J. <br><br> The Honorable Jacqueline M. DeLuca, U.S.M.J. |

**NOTICE OF PROPOSED CLASS ACTION SETTLEMENT, [DATE], 202_ FAIRNESS HEARING THEREON AND CLASS MEMBERS' RIGHTS**

**This Notice of Proposed Class Action Settlement, [Date], 202_ Fairness Hearing Thereon and Class Members' Rights ("Notice") is given pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the District of Nebraska (the "Court") ==[and the United States District Court for the Western District of Oklahoma (the "W.D. Okla. Court")]==. It is not an advertisement, or a solicitation from a lawyer. You have not been sued.**

**PLEASE READ THIS ENTIRE NOTICE CAREFULLY. YOUR RIGHTS MAY BE AFFECTED BY THE PROCEEDINGS IN THE ABOVE-CAPTIONED CONSOLIDATED LITIGATION. THIS NOTICE ADVISES YOU OF YOUR RIGHTS AND OPTIONS WITH RESPECT TO THIS ACTION, INCLUDING WHAT YOU MUST DO IF YOU WISH TO SHARE IN THE PROCEEDS OF THE SETTLEMENT. TO CLAIM YOUR SHARE OF THE SETTLEMENT, YOU MUST ELECTRONICALLY SUBMIT YOUR SETTLEMENT CLAIM FORM ("CLAIM FORM") ON OR BEFORE [DATE] OR MAIL YOUR CLAIM FORM TO THE ADDRESS IN QUESTION 11 SO THAT IT IS RECEIVED NO LATER THAN [DATE].**

TO:   ALL PERSONS IN THE UNITED STATES WHOSE PERSONAL INFORMATION WAS COMPROMISED IN THE UNAUTHORIZED THIRD-PARTY ACCESS TO NELNET'S SYSTEMS THAT WAS MADE PUBLIC BY NELNET SERVICING, LLC IN AUGUST 2022 (THE "DATA SECURITY INCIDENT").

The purpose of this Notice is to inform Settlement Class Members of a proposed settlement (the "Settlement") with Settling Entities Nelnet Servicing, LLC ("Nelnet"), Edfinancial Services, LLC ("Edfinancial"), and the Oklahoma Student Loan Authority ("OSLA," and together with Nelnet and Edfinancial, the "Settling Entities"). Plaintiffs entered into the Settlement Agreement with Nelnet, Edfinancial and OSLA on August 16, 2024.

This Notice is available because Settlement Class Members' Personal Information may have been accessed by an unauthorized third-party during a data intrusion security incident that Nelnet made public on August 26, 2022.

Pl**ease do not contact the Court regarding this Notice**. Inquiries concerning this Notice, the Claim Form, or any other questions by Settlement Class Members should be directed to:

Nelnet Data Security Settlement
c/o [Claims Administrator]
P.O. Box XXXXXX
[City, State ZIP Code]
Tel: XXXX
Email: XXXXX

Website: www.NelnetSettlement.com

Plaintiffs allege that the Settling Entities failed to implement reasonable data security measures to protect consumers' personally identifiable information and, as a result of the Data Security Incident, Plaintiffs and Settlement Class Members have experienced or have been exposed to fraud and identity theft and have otherwise been injured. Plaintiffs sued Defendants and asserted claims of negligence, negligence *per se*, breach of implied contract, unjust enrichment, breach of confidence, intrusion upon seclusion, violation of the California Consumer Privacy Act, and violations of state consumer protection statutes relating to the Data Security Incident. The Settling Entities deny they violated any law and dispute Plaintiffs' allegations but have agreed to the Settlement to avoid the expenses and uncertainties associated with continuing this case.

Under the Settlement, the Settling Entities have agreed to pay a sum of ten million U.S. Dollars ($10,000,000) (the "Settlement Amount") into a Settlement Fund that will be used to provide Settlement Benefits to eligible Settlement Class Members. The Settlement Fund will also be used to pay for the Claims Administration Costs, Service Awards for named Plaintiffs, and Class Counsel's attorneys' fees and expenses.

The following table contains a summary of your rights and options regarding the Settlement. More detailed information about your rights and options can be found in the Settlement Agreement, which is available at www.NelnetSettlement.com (the "Settlement Website").

| YOR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT ||
|---|---|
| **DO NOTHING** | If you do nothing in connection with this Settlement, you will receive no payment from the Settlement and you will be bound by past and any future Court rulings, including rulings on the Settlement, if approved, and the Settlement release. *See* Question 16. |
| **FILE A CLAIM FORM** | The only way to receive your share of the Settlement Fund is to complete and file a timely and valid Claim Form electronically by no later than **[DATE]**, or to mail your Claim Form so that it is received no later than **[DATE]**. *See* Question 11. |
| **EXCLUDE YOURSELF FROM THE SETTLEMENT** | If you wish to exclude yourself from the Settlement, you must submit a written request by U.S. Mail or other delivery service so that it is received by **[DATE]**. If you exclude yourself, you will not be bound by the Settlement, if approved, or the Settlement release, and you will not be eligible for any Settlement Benefits from the Settlement. *See* Questions 17 – 21. |
| **OBJECT TO THE SETTLEMENT** | If you wish to object to the Settlement, you must file a written objection with the Court and serve copies on Class Counsel and Settling Entities' Counsel by **[DATE]**. You must be and remain a Settlement Class Member to object. *See* Questions 22 and 23. |
| **GO TO THE FAIRNESS HEARING** | You may ask the Court for permission to speak about the Settlement at the Fairness Hearing by including such a request in your written objection, which you must file with the Court and serve on Class Counsel and Settling Entities' Counsel by **[DATE]**. The Fairness Hearing is scheduled for **[DATE]**. *See* Questions 26 - 28. |
| **APPEAR THROUGH AN ATTORNEY** | You may enter an appearance through your own counsel at your own expense. *See* Question 28. |

These rights and options, and the deadlines to exercise them, are explained in this Notice. The capitalized terms used in this Notice are explained or defined below or in the Settlement Agreement, which is available on the Settlement Website, www.NelnetSettlement.com.

The Court has appointed the lawyers listed below ("Class Counsel") to represent you and the Settlement Class in this Action:

|  |  |
|---|---|
| Christian Levis<br>Amanda Fiorilla<br>**LOWEY DANNENBERG, P.C.**<br>44 South Broadway, Suite 1100<br>White Plains, NY 10601<br>Telephone: (914) 997-0500<br>Fax: (914) 997-0035<br>clevis@lowey.com<br>afiorilla@lowey.com<br><br>Anthony M. Christina<br>**LOWEY DANNENBERG, P.C.**<br>One Tower Bridge<br>100 Front Street, Suite 520<br>West Conshohocken, PA 19428<br>Telephone: (215) 399-4770<br>Fax: (914) 997-0035<br>achristina@lowey.com | Ian W. Sloss<br>Johnathan Seredynski<br>Steven L. Bloch<br>**SILVER GOLUB & TEITELL LLP**<br>One Landmark Square, Floor 15<br>Stamford, Connecticut 06901<br>Telephone: (203) 325-4491<br>Fax: (203) 325-3769<br>isloss@sgtlaw.com<br>jeredynski@sgtlaw.com<br>sbloch@sgtlaw.com |

## WHAT THIS NOTICE CONTAINS

BASIC INFORMATION ................................................................................................................................... 5
1.    What Is A Class Action Lawsuit? ..................................................................................................... 5
2.    Why Was There A Notice? ............................................................................................................... 5
3.    What Are The Definitions Used In This Notice? ............................................................................. 5
4.    What Is This Action About? .............................................................................................................. 5
5.    What Is The History Of This Action? ............................................................................................... 6
6.    Why Is There A Settlement? ............................................................................................................. 8
WHO GETS MONEY FROM THE SETTLEMENT ................................................................................... 8
7.    How Do I Know If I Am A Class Member? .................................................................................... 8
8.    Are There Exceptions to Being Included In The Settlement Class? ................................................ 8
9.    What If I Am Still Not Sure If I Am Included In The Settlement Class? ........................................ 8
THE SETTLEMENT BENEFITS .................................................................................................................. 9
10.    What Does The Settlement Provide? ................................................................................................ 9
11.    How Will I Get A Payment? .............................................................................................................. 9
12.    How Much Will My Payment Be? .................................................................................................... 9
13.    When Will I Receive A Payment? .................................................................................................... 9
14.    What Do I Have To Do After I File A Claim Form? ..................................................................... 10
15.    What Am I Giving Up To Receive A Payment? ............................................................................ 10
16.    What If I Do Nothing? .................................................................................................................... 10
EXCLUDING YOURSELF FROM THE SETTLEMENT ........................................................................ 11
17.    What If I Do Not Want To Be In The Settlement Class? ............................................................... 11
18.    How Do I Exclude Myself? ............................................................................................................ 11
19.    If I Do Not Exclude Myself, Can I Sue Any Of The Settling Entities For The Same Thing Later? ....................... 11
20.    If I Exclude Myself, Can I Get Money From The Settlement? ..................................................... 11
21.    If I Exclude Myself, Can I Still Object? ........................................................................................ 12
OBJECTING TO THE SETTLEMENT ...................................................................................................... 12
22.    How Do I Tell The Court What I Think About The Settlement? .................................................. 12
23.    What Is The Difference Between Objecting And Excluding Myself? .......................................... 13
THE LAWYERS REPRESENTING YOU .................................................................................................. 14
24.    Do I Have A Lawyer In This Case? ................................................................................................ 14
25.    How Will The Lawyers Be Paid? ................................................................................................... 14
THE COURT'S FAIRNESS HEARING ...................................................................................................... 14
26.    When And Where Will The Court Decide Whether To Approve The Settlement? ..................... 14
27.    Do I Have To Come To The Fairness Hearing? ............................................................................ 15
28.    May I Speak At The Fairness Hearing? ......................................................................................... 15
GETTING MORE INFORMATION ........................................................................................................... 15
29.    How Do I Get More Information? .................................................................................................. 15

# BASIC INFORMATION

### 1. What Is A Class Action Lawsuit?

A class action is a lawsuit in which one or more representative plaintiffs (in this case, Plaintiffs) bring a lawsuit on behalf of themselves and other similarly situated persons (*i.e.*, a class) who have similar claims against the defendants. The representative plaintiffs, the court, and counsel appointed to represent the class all have a responsibility to make sure that the interests of all class members are adequately represented.

Importantly, class members are NOT individually responsible for payment of attorneys' fees or litigation expenses. In a class action, attorneys' fees and litigation expenses are paid directly by the defendants, from the court-awarded judgment amount, or, as in this case, from the settlement fund, and such payment must be approved by the court. If there is no recovery on behalf of the class, the attorneys do not get paid.

When a representative plaintiff enters into a settlement with a defendant on behalf of a class, such as in this Settlement with Nelnet, Edfinancial, and OSLA, the court will require that the members of the class be given notice of the settlement and an opportunity to be heard with respect to the settlement. The court then conducts a hearing (called a Fairness Hearing) to determine, among other things, if the settlement is fair, reasonable, and adequate.

### 2. Why Was There A Notice?

Potential Settlement Class Members have a right to know about the proposed Settlement with Nelnet, Edfinancial, and OSLA before the Court decides whether to approve the Settlement.

This Notice explains the cases in the consolidated litigation, *In re Data Security Cases Against Nelnet Servicing, LLC*, No. 4:22-cv-3191, pending in the U.S. District Court for the District of Nebraska (the "Action"), including *Spearman, et al. v. Nelnet Servicing, LLC*, Case No. 4:22-cv-03191 (JMG) (JMD) (D. Neb.), and any related litigation involving the same facts and circumstances, including *Carr v. Oklahoma Student Loan Authority, et al.*, No. 5:23-cv-00099-R, before the U.S. District Court for the Western District of Oklahoma ("*Carr*"), the Settlement, your legal rights, what benefits are available, who is eligible for them, and how you can apply to receive your portion of the benefits if you are eligible. The purpose of this Notice is also to inform you of the Fairness Hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement, and to consider requests for awards of attorneys' fees and litigation expenses, and any Service Awards for Plaintiffs.

### 3. What Are The Definitions Used In This Notice?

This Notice incorporates by reference the definitions in the Stipulation and Agreement of Settlement with Nelnet, Edfinancial, and OSLA (the "Settlement Agreement").

The Settlement Agreement and the Court's Preliminary Approval Order are posted on the Settlement Website. All capitalized terms used in this Notice, but not otherwise defined, shall have the same meanings as in the Settlement Agreement and the Court's Preliminary Approval Order.

### 4. What Is This Action About?

Nelnet is one of the largest student loan servicers in the United States. In addition to servicing student loans, Nelnet provides online technology services such as web portal and payment processing services to other student loan servicers, including Edfinancial and OSLA. The Action arises out of a data security incident that Nelnet made public on August 26, 2022, in which an unauthorized third-party accessed Personal Information in Nelnet's systems. Plaintiffs and other individuals sued Nelnet, Edfinancial, and OSLA in various courts alleging that the Data Security Incident caused student loan account registration information, including names, addresses, email addresses, phone numbers, and Social Security numbers, to be improperly exposed.

The lawsuits claim that the Settling Entities were responsible for the Data Security Incident, and assert claims for negligence, negligence *per se*, breach of implied contract, unjust enrichment, breach of confidence, intrusion upon seclusion, violation of the California Consumer Privacy Act, and violations of state consumer protection statutes relating to the Data Security Incident. The lawsuits seek compensation for people whose information was exposed in the Data Security Incident.

The Settling Entities dispute Plaintiffs' allegations and deny that they violated any law. The Settling Entities further maintain that they have good and meritorious defenses to Plaintiffs' claims and would prevail if the case were to proceed. Nevertheless, to avoid the expense and uncertainty of further litigation, the Settling Entities have agreed to settle the claims in this lawsuit, and to pay a total of ten million U.S. Dollars ($10,000,000) for the benefit of the proposed Settlement Class to resolve the Settlement Class's claims. If the Settlement is approved, each Authorized Claimant with receive a share of the Settlement Amount plus any interest that may accrue, less any Court-approved disbursements, including: (i) Taxes (ii) Claims Administration Costs; (iii) attorneys' fees and expenses approved by the Court; and (iv) any Service Awards approved by the Court (the "Net Settlement Fund"). The share of the Net Settlement Fund received by each Authorized Claimant in the form of Settlement Benefits will depend on the total number of eligible claims that receive approval to participate in the Settlement and the type of Settlement Benefit sought. If the Settlement is approved, the Action and related litigation will be resolved against the Settling Entities. If the Settlement is not approved, the Action and related litigation will continue, and Plaintiffs will continue to pursue their claims against all Settling Entities.

   5. **What Is The History Of This Action?**

On August 26, 2022, Nelnet began publicly notifying state Attorneys General and approximately 2,501,324 impacted current and former Edfinancial and OSLA account holders that Personal Information, including, without limitation, their names, addresses, email addresses, phone numbers, and Social Security numbers, had been accessed by an unauthorized third-party.

Beginning on August 30, 2022, 23 putative class action complaints were filed against Nelnet, with 2 actions naming both Nelnet and Edfinancial. All but 3 actions were filed in or removed to the District of Nebraska. Plaintiffs' complaints involved a total of 23 plaintiffs from 16 states (Arizona, California, Connecticut, Colorado, Florida, Illinois, Indiana, Massachusetts, Michigan, New Mexico, New York, Pennsylvania, South Carolina, Texas, Utah, and Wisconsin).

Plaintiffs initiated proceedings before the U.S. Judicial Panel on Multidistrict Litigation ("JPML") to centralize the various cases before the Court. The JPML denied the motion to centralize the litigation on December 13, 2022. Plaintiffs immediately filed a motion to consolidate the then-filed actions in the Court, and to appoint Lowey Dannenberg, P.C. ("Lowey") and Silver Golub & Teitell LLP ("SGT") as Interim Co-Lead Class Counsel.

While the consolidation motion was pending, a separate action was initiated against OSLA and Nelnet in Oklahoma state court arising out of the same Data Security Incident, which was later removed to the U.S. District Court of the Western District of Oklahoma on January 20, 2023 (*Carr*, No. 5:23-cv-00099-R, ECF No. 1 (W.D. Okla.).

After additional briefing, on January 30, 2023, the Court consolidated the then-filed cases under *In re Data Security Cases Against Nelnet Servicing, LLC*, No. 4:22-cv-3191 and appointed Lowey and SGT as Interim Co-Lead Class Counsel.

On March 10, 2023, Lowey/SGT filed a Consolidated Amended Class Action Complaint (the "Amended Complaint") against Nelnet and Edfinancial on behalf of 26 plaintiffs from 17 states, asserting, *inter alia*, claims arising out of the Data Security Incident for negligence, negligence *per se*, breach of implied contract, unjust enrichment, breach of confidence, invasion of privacy, violations of state consumer protection and notification statutes, and declaratory and injunctive relief.

On April 9, 2023, Edfinancial moved to stay the claims against it until resolution of the claims against Nelnet. On April 24, 2023, Nelnet moved to dismiss the Amended Complaint. The motion to dismiss was fully briefed as of July 10, 2023.

OSLA and Nelnet moved the *Carr* court to transfer the case to the District of Nebraska on April 28, 2023. After briefing, the *Carr* court denied OSLA's and Nelnet's transfer motion.

On June 5, 2023, the Court entered an Order staying the claims against Edfinancial pending resolution of Nelnet's motion to dismiss.

On October 26, 2023, Plaintiffs filed a Notice of Supplemental Authority to apprise the Court of recent developments in *Carr*. Specifically, Plaintiffs brought the Court's attention to recent opinions by the U.S. District Court for the Western District of Oklahoma in *Carr* sustaining various claims against both Nelnet and OSLA. Plaintiffs urged the Court to sustain claims against Nelnet as well as remove the stay against Edfinancial and order it to submit a responsive pleading.

In November 2023, Plaintiffs and Nelnet decided they would attempt to mediate their dispute and agreed on the selection of the Honorable Jay C. Gandhi (Ret.), U.S. Magistrate Judge (C.D. Cal.), as a mediator. Because Nelnet believed Edfinancial and OSLA were necessary parties to the mediation, the parties agreed that Edfinancial and OSLA could participate in the mediation session.

On December 8, 2023, the Parties engaged in a full day of mediation with Judge Gandhi. The parties made significant progress in their first mediation session with Judge Gandhi on December 8, 2023. However, as several issues remained outstanding, the Parties agreed to reconvene later to continue negotiations.

On January 26, 2024, the Parties engaged in a second full day of mediation with Judge Gandhi. Again, the parties made significant progress, but no settlement was reached in the mediation session. Following the second, January 26, 2024, mediation session, the Parties continued their negotiations.

On January 29, 2024, counsel for the Parties jointly emailed the chambers of Magistrate Judge Jacqueline M. DeLuca and alerted the Court that a potential settlement was likely contingent on the resolution of some outstanding issues. Thereafter, the Parties continued their discussions, which included multiple meetings and email exchanges.

On March 13, 2024, counsel for the plaintiffs in *Carr* moved to intervene in the instant case. Plaintiffs and Nelnet each filed briefs opposing the proposed intervenors' motion, and the proposed intervenors filed a reply brief. On March 27, 2024, the District of Nebraska entered an Order terminating Nelnet's motion to dismiss, subject to reopening after resolution of the proposed intervenors' motion to intervene.

On June 11, 2024, Plaintiffs filed a Notice of Settlement to apprise the District of Nebraska that they had reached a settlement in principle with Nelnet, Edfinancial, and OSLA, and that the Parties were in the process of preparing a written settlement agreement and anticipated filing a motion for preliminary approval within 45 days.

On June 12, 2024, Plaintiffs filed a Supplemental Notice of Settlement and Intervention in the Oklahoma Action to apprise the District of Nebraska that: (1) the Parties had executed a binding term sheet outlining the terms of the Settlement and that (2) Plaintiffs had filed a Motion to Intervene and Stay Pending Final Approval of the Settlement in Related Class Action and Memorandum of Law in Support in *Carr*. Thereafter, Plaintiffs, Nelnet, and Edfinancial jointly sought, and the District of Nebraska granted, an extension of the deadline for filing a motion for preliminary approval.

On June 18, 2024, Magistrate Judge DeLuca issued a report and recommendation concluding that the proposed intervenors' motion should be denied in part and granted in part and, specifically, that the proposed intervenors should be joined as parties to the action solely for the limited purpose of objecting to the preliminary approval of the proposed settlement on subject matter jurisdiction grounds. On July 3, 2024, the District of Nebraska entered an Order adopting Magistrate Judge DeLuca's report and recommendation.

On July 12, 2024, Plaintiffs filed a Notice of Supplemental Authority to apprise the District of Nebraska of an Order issued by the U.S. District Judge David L. Russell of the Western District of Oklahoma in *Carr* granting motions to stay proceedings, filed by Nelnet and OSLA, pending resolution of the settlement proceedings in the instant case.

### 6. Why Is There A Settlement?

Plaintiffs and Class Counsel believe that Class Members have been damaged by the Settling Entities' conduct. The Settling Entities do not admit the allegations made by Plaintiffs, believe that they have meritorious defenses to Plaintiffs' allegations, and believe that Plaintiffs' claims would have been rejected prior to trial, at trial (had Plaintiffs successfully certified a class and survived summary judgment motions), or on appeal. As a result, the Settling Entities believe Plaintiffs would have received nothing if the litigation had continued to trial.

The Court has not decided in favor of either Plaintiffs or the Settling Entities. Instead, Class Counsel engaged in negotiations with the Settling Entities to reach a negotiated resolution of the Action. The Settlement allows both sides to avoid the risks and costs of lengthy litigation and the uncertainty of pre-trial proceedings, a trial, and appeals, and, if approved, will permit Settling Class Members who file timely and valid Claim Forms to receive some compensation, rather than risk ultimately receiving nothing. Plaintiffs and Class Counsel believe the Settlement is in the best interest of all Class Members.

The Settling Entities have agreed to pay a total of ten million U.S. Dollars ($10,000,000) in cash for the benefit of the proposed Settlement Class. If the Settlement is approved, each Settling Class Member who submits a timely and valid Settlement Claim Form may be eligible to receive a credit monitoring and a cash payment from the Net Settlement Fund (the "Settlement Benefits").

If the Settlement is approved, the Action and related litigation will be resolved against all Settling Entities, and all Released Claims against the Released Parties will be released by the Releasing Parties. If the Settlement is not approved, the Settling Entities will remain as defendants in the respective cases related to the Data Security Incident, and Plaintiffs will continue to pursue their claims against all the Settling Entities.

## WHO GETS MONEY FROM THE SETTLEMENT

### 7. How Do I Know If I Am A Class Member?

In the Preliminary Approval Order, the Court preliminarily approved the following Settlement Class:

> All Persons in the United States whose Personal Information was compromised in the Data Security Incident.

Not everyone who fits the description will be a Class Member. Please see question No. 8 for a discussion of exclusions from the Settlement Class.

### 8. Are There Exceptions to Being Included In The Settlement Class?

Yes. Excluded from the Settlement Class are: (i) the Settling Entities, any Person in which the Settling Entities have a controlling interest, and the Settling Entities officers, directors, legal representatives, successors, subsidiaries, and assigns; (ii) any judge, justice, or judicial officer presiding over the Action and the members of their immediate families and judicial staff; (iii) any Person that timely and validly opts out of the Settlement and (iv) any Person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding, or abetting the Data Security Incident or who pleads guilty or *nolo contendere* to any such charge.

### 9. What If I Am Still Not Sure If I Am Included In The Settlement Class?

If you are still not sure whether you are included in the Settlement Class, you can ask for free help. You can email info@nelnetsettlement.com, call toll-free 1-xxx-xxx-xxxx or visit the Settlement Website, www.NelnetSettlement.com for more information.

## THE SETTLEMENT BENEFITS

**10. What Does The Settlement Provide?**

The Settling Entities have agreed to pay a sum of ten million U.S. Dollars ($10,000,000) for the benefit of the proposed Settlement Class. If the Settlement is approved, each Settling Class Member who submits a timely and valid Claim Form will receive a portion of the Settlement Benefits, including Credit Monitoring and Identity Theft Protection and cash payments (the "Settlement Payment"), made available after the Settlement Fund is used to pay any Court-approved disbursements, including: (i) Taxes (ii) Claims Administration Costs; (iii) attorneys' fees and expenses awarded by the Court; and (iv) any Service Awards approved by the Court. All Settling Class Members may choose to receive two (2) years of a credit monitoring product that includes identity restoration services and one million U.S. Dollars ($1,000,000) of identity theft insurance. This has an approximate retail value of $187 per year. Settling Class Members may choose a Settlement Payment reflecting either (a) the amount of his/her Out-of-Pocket Losses (the "Cash Payment for Reimbursement of Documented Out-of-Pocket Losses") and Lost Time (the "Cash Payment for Lost Time") based on the documentation and information provided on the Claim Form and approved by the Claims Administrator; or (b) a share of the Net Settlement Fund minus all Approved Claims for credit monitoring, Cash Payments for Reimbursement of Documented Out-of-Pocket Losses, and Cash Payments for Lost Time (the "Remaining Cash Payment Fund"), the share calculated based on number of Settling Class Member who submit a Claim Form and will not be paid for Out-of-Pocket Losses or Lost Time (*i.e.*, the "*Pro Rata* Cash Payment"). Eligible Settling Class Members that were California residents at the time of the Data Security Incident and opt to receive the *Pro Rata* Cash Payment will receive two times the base amount of the *pro rata* calculation as their *Pro Rata* Cash Payment. The Settlement gives the Settling Entities the right, but not the obligation, in their sole discretion to terminate the Settlement in the event that the number of Class Members who timely exercise their right to request exclusion from the Settlement Class exceeds an agreed upon number.

**11. How Will I Get A Payment?**

If you are a Settlement Class Member and do not exclude yourself, you are eligible to submit a Claim Form to receive your share of money from the Net Settlement Fund. Claim Forms must be submitted online at the Settlement Website on or before 11:59 p.m. Eastern time on [DATE] OR mailed to and received by [DATE] at:

Nelnet Data Security Settlement<br>
c/o [Claims Administrator]<br>
P.O. Box XXXXXX<br>
[City, State ZIP Code]

Following the timely submission and receipt of your Claim Form online, a printable "Confirmation of Claim Receipt" will be displayed on the screen, which will acknowledge receipt of your Claim. If you do not submit a Claim Form, you will not receive any payments under the Settlement.

**12. How Much Will My Payment Be?**

At this time, it is not known precisely how much each Authorized Claimant will receive from the Settlement Payment or when payments will be made. The amount of the Settlement Payment will depend on the types of relief selected and the number of claims that receive approval.

**13. When Will I Receive A Payment?**

The Court will hold the Fairness Hearing on [DATE], 202_ to decide whether to approve the Settlement. If the Court approves the Settlement, there may be appeals after that. It can sometimes take a year or more for the appellate process to conclude.

Please be patient; status updates will be posted on the Settlement Website.

### 14. What Do I Have To Do After I File A Claim Form?

After you file a Claim Form, the Claims Administrator will evaluate your Claim Form to determine if you have provided sufficient information to validate your membership in the Settlement Class and to approve the claim submitted. If the Claims Administrator determines that your Claim Form is deficient or defective, it may contact you. If you subsequently provide information that satisfies the Claims Administrator concerning the validity of your Claim Form, you will not have to do anything else. If any disputes cannot be resolved, Class Counsel will submit them to the Court, and the Court will make a final determination of the validity of your Claim Form.

### 15. What Am I Giving Up To Receive A Payment?

Unless you exclude yourself, you remain a Settlement Class Member. That means you cannot sue, continue to sue, or be part of any other lawsuit about the Released Claims in this Action or any other action against the Settling Entities, including, but not limited to *Carr*. Upon the Effective Date of the Settlement, Plaintiffs and the Releasing Parties shall release and be deemed to release and forever discharge and shall be forever enjoined from prosecuting the Released Claims against the Released Parties.

The capitalized terms used in this paragraph are defined in the Settlement Agreement, Preliminary Approval Order, or this Notice. For easy reference, certain of these terms are copied below:

**"Releasing Parties"** means each and every Plaintiff and each and every Settling Class Member on his or her own behalf or on behalf of his or her respective predecessors, successors and assigns.

**"Released Parties"** means the Settling Entities, their predecessors, successors, and assigns, their direct and indirect parents, subsidiaries, affiliates, and joint ventures, and each of their respective current and former officers, directors, employees, managers, members, partners, agents (in their capacity as agents of Nelnet, Edfinancial, or OSLA), shareholders (in their capacity as shareholders of Nelnet, Edfinancial, or OSLA), attorneys, insurers, reinsurers, or legal representatives, and the predecessors, successors, heirs, executors, administrators, and assigns of each of the foregoing. As used in this provision, "affiliates" means entities controlling, controlled by, or under common control with a Released Party. Released Parties includes without limitation, any Person related to any such entity who is, was, or could have been named as a defendant in any action arising from the Data Security Incident, other than any Person who is found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding, or abetting the Data Security Incident or who pleads guilty or *nolo contendere* to any such charge.

**"Released Claims"** means any and all manner of claims, including unknown claims, causes of action, cross-claims, counter-claims, charges, liabilities, demands, judgments, suits, obligations, debts, setoffs, rights of recovery, or liabilities for any obligations of any kind whatsoever (however denominated), whether class, derivative, or individual, in law or equity or arising under constitution, statute, regulation, ordinance, contract, common law or otherwise in nature, for fees, costs, penalties, fines, debts, expenses, attorneys' fees, interest, and damages, whenever incurred, for restitution or any other payment of money, and for liabilities of any nature whatsoever (including joint and several), known or unknown, suspected or unsuspected, asserted or unasserted, in any jurisdiction which Releasing Parties or any of them ever had, now has, or hereafter can, shall or may have, representatively, derivatively or in any other capacity, against the Released Parties arising from or relating in any way to conduct alleged in the Action, or which could have been alleged in the Action against the Released Parties.

### 16. What If I Do Nothing?

You are automatically a member of a Settlement Class if you fit the Settlement Class description. However, if you do not submit a timely and valid Claim Form, you will not receive any payment from the Settlement. You will be bound by past and any future Court rulings, including rulings on the Settlement and release. Unless you exclude yourself, you will not be able to start a lawsuit, continue with a lawsuit, or be a part of any other lawsuit against the Settling Entities on the basis of the Released Claims. Please see question 15 for a description of the Released Claims.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

### 17. What If I Do Not Want To Be In The Settlement Class?

If you are a Class Member, do not want to remain in the Settlement Class, and do not want a payment from the Settlement, then you must take steps to exclude yourself from the Settlement. This is also sometimes referred to as "opting out" of a class. *See* Question 18.

If you validly exclude yourself from the Settlement Class of which you would otherwise be a member, you will be free to sue the Settling Entities on your own for the claims being resolved by the Settlement. However, you will not receive any money from the Settlement, and Class Counsel will no longer represent you with respect to any claims against the Settling Entities.

If you want to receive money from the Settlement, do not exclude yourself. You must file a Claim Form in order to receive any payment from the Settlement.

### 18. How Do I Exclude Myself?

You can exclude yourself by sending a written "Request for Exclusion." You cannot exclude yourself by telephone. Your written Request for Exclusion must be received by the Claims Administrator no later than [DATE] and sent by U.S. Mail or other delivery service to:

> Nelnet Data Security Settlement
> Attn: Exclusions
> P.O. Box XXXXXX
> [City, State ZIP Code]

The written Request for Exclusion must (i) identify the case name of the consolidated litigation (*In re Data Security Cases Against Nelnet Servicing, LLC*, No. 4:22-cv-03191 (D. Neb.) (JMG) (JMD) OR *Spearman v Nelnet Servicing, LLC*, No. 4:22-cv-03191 (JMG)(JMD) (D. Neb.)) or *Carr v. Oklahoma Student Loan Authority, et al.*, No. 5:23-cv-00099-R (W.D. Okla.); (ii) identify the full name and address of the Person seeking exclusion from the Settlement, and, if represented by counsel, the name and address of his/her counsel; (iii) include the claimant ID code and other information included on the Short Form Notice provided by the Claims Administrator that identifies the Person as a Settlement Class Member; (iv) be personally signed by the Person seeking exclusion, and, if represented by counsel, also be signed by his/her counsel; (v) include a statement clearly indicating the Person's intent to be excluded from the Settlement; and (vi) request exclusion only for that one Person whose personal signature appears on the request

A Request for Exclusion that does not include all of the foregoing information, that does not contain the proper signature, that is sent to an address other than the ones designated above, or that is not sent within the time specified shall be invalid and the person(s) filing such an invalid request shall be a Class Member and shall be bound by the Settlement, if approved.

All persons who submit valid and timely Requests for Exclusion in the manner set forth above shall have no rights under the Settlement, shall not share in the distribution of the Settlement Payment, and shall not be bound by the Settlement. In addition, such persons will not be entitled to object to the Settlement or appear at the Fairness Hearing.

### 19. If I Do Not Exclude Myself, Can I Sue Any Of The Settling Entities For The Same Thing Later?

No. Unless you exclude yourself from this Settlement, you give up any right to sue any of the Settling Entities for the Released Claims that the Settlement resolves.

### 20. If I Exclude Myself, Can I Get Money From The Settlement?

No. You will not get any money from the Settlement if you exclude yourself.

**21. If I Exclude Myself, Can I Still Object?**

No. If you exclude yourself, you are no longer a Class Member and may not object to any aspect of the Settlement.

## OBJECTING TO THE SETTLEMENT

**22. How Do I Tell The Court What I Think About The Settlement?**

If you are a Class Member and you do not exclude yourself, you can tell the Court what you think about the Settlement. You can object to all or any part of the Settlement, the application for attorneys' fees and reimbursement of litigation expenses, and/or the motion for any Service Awards for Plaintiffs. You can give reasons why you think the Court should approve them or not. The Court will consider your views. If you want to make an objection, you may enter an appearance in the Action, at your own expense, individually or through counsel of your own choice, by electronically filing or mailing a notice of appearance and your objection to the Clerk of United States District Court for the District of Nebraska at the Roman L. Hruska Federal Courthouse, 111 South 18th Plaza, Suite 1152, Omaha, NE 68102 and serving copies of your objection on Class Counsel and the Settling Entities' Counsel by **[DATE]** to the following physical addresses:

*Class Counsel*:

| | |
|---|---|
| Christian Levis | Ian W. Sloss |
| Amanda Fiorilla | Johnathan Seredynski |
| **LOWEY DANNENBERG, P.C.** | Steven L. Bloch |
| 44 South Broadway, Suite 1100 | **SILVER GOLUB & TEITELL LLP** |
| White Plains, NY 10601 | One Landmark Square, Floor 15 |
| Telephone: (914) 997-0500 | Stamford, Connecticut 06901 |
| Fax: (914) 997-0035 | Telephone: (203) 325-4491 |
| | Fax: (203) 325-3769 |
| Anthony M. Christina | |
| **LOWEY DANNENBERG, P.C.** | |
| One Tower Bridge | |
| 100 Front Street, Suite 520 | |
| West Conshohocken, PA 19428 | |
| Telephone: (215) 399-4770 | |
| Fax: (914) 997-0035 | |

*Settling Entities' Counsel:*

**Counsel for Nelnet Servicing, LLC**

| | |
|---|---|
| Claudia D. McCarron | Charles F. Kaplan |
| **MULLEN COUGHLIN LLC** | **PERRY, GUTHERY LAW FIRM** |
| 426 W. Lancaster Avenue, Suite 200 | 233 South 13th Street Suite 1400 |
| Devon, PA 19333 | Lincoln, NE 68508 |
| Telephone: (267) 930-4787 | Telephone: (402) 476-9200 |

**Counsel for Edfinancial Services, LLC**

Casie D. Collignon
Sarah A. Ballard
**BAKER & HOSTETLER LLP**
1801 California Street Suite 4400
Denver, CO 80202-2662

Telephone: (303) 861-0600

**Counsel for Oklahoma Student Loan Authority**

Jill H. Fertel
Conor Hafertepe
**CIPRIANI & WERNER**
450 Sentry Parkway Suite 200
Blue Bell, Pennsylvania 19422
Telephone: (610) 567-0700

Any Class Member who does not enter an appearance will be represented by Class Counsel. If you choose to object, you must file a written objection. You cannot make an objection by telephone or email. Your written objection must be signed by the Class Member (and, if applicable, signed by the Class Member's duly authorized attorney or other duly authorized representative along with appropriate documentation setting forth such representation) and must include: (i) the case name and number of the consolidated litigation (*In re Data Security Cases Against Nelnet Servicing, LLC*, No. 4:22-cv-03191 (JMG) (JMD) (D. Neb.) OR *Spearman v Nelnet Servicing, LLC*, No. 4:22-cv-03191 (JMG)(JMD) (D. Neb.)) or *Carr v. Oklahoma Student Loan Authority, et al*., No. 5:23-cv-00099-R (W.D. Okla.); (ii) the full name, address, and telephone number of the objecting Settlement Class Member and, if represented by counsel, the name, address, and telephone number of his/her counsel; (iii) the claimant ID code and other information on the Short Form Notice provided by the Claims Administrator that identifies the objector as a Settlement Class Member; (iv) a statement of whether the objection applies only to the objector, to a specific subset of the class, or to the entire class; (v) a statement of the number of times in which the objector (and, where applicable, objector's counsel) has objected to a class action settlement within the three years preceding the date that the objector files the objection, along with the caption of each case in which the objector (or the objector's counsel) has made such objection; (vi) a statement of the specific grounds for the objection; and (vii) a statement of whether the objecting Settlement Class Member intends to appear at the Fairness Hearing, and if so, whether personally or through counsel.

If you enter an appearance and intend to speak at the Fairness Hearing (whether *pro se* or through an attorney), the written objection must include a detailed description of any evidence the objecting Settlement Class Member may offer at the Fairness Hearing, as well as copies of any exhibits the objecting Settlement Class Member may introduce at the Fairness Hearing.

If you do not timely and validly submit your objection, your views will not be considered by the Court or any court on appeal. Check the Settlement Website, www.NelnetSettlement.com, for updates on important dates and deadlines relating to the Settlement.

### 23. What Is The Difference Between Objecting And Excluding Myself?

Objecting is telling the Court that you do not like something about the Settlement. You can object to the Settlement only if you remain a Class Member and do not exclude yourself from the Settlement. Excluding yourself from the Settlement is telling the Court that you do not want to be a part of the Settlement Class. If you exclude yourself, you have no right to object to the Settlement because it no longer affects you.

Note that all documents sent to the Court by any Class Member, including any letter or document expressing the Class Member's desire to be excluded from the Class and any objection to the proposed Settlement, voluntary dismissal, or compromise, are filed electronically by the clerk and therefore will be available for public review.

## THE LAWYERS REPRESENTING YOU

**24. Do I Have A Lawyer In This Case?**

The Court has appointed the lawyers listed below to represent you and the Settlement Class in this Action:

| | |
|---|---|
| Christian Levis<br>Amanda Fiorilla<br>**LOWEY DANNENBERG, P.C.**<br>44 South Broadway, Suite 1100<br>White Plains, NY 10601<br>Telephone: (914) 997-0500<br>Fax: (914) 997-0035<br>clevis@lowey.com<br>afiorilla@lowey.com<br><br>Anthony M. Christina<br>**LOWEY DANNENBERG, P.C.**<br>One Tower Bridge<br>100 Front Street, Suite 520<br>West Conshohocken, PA 19428<br>Telephone: (215) 399-4770<br>Fax: (914) 997-0035<br>achristina@lowey.com | Ian W. Sloss<br>Johnathan Seredynski<br>Steven L. Bloch<br>Zachary Rynar<br>**SILVER GOLUB & TEITELL LLP**<br>One Landmark Square, Floor 15<br>Stamford, Connecticut 06901<br>Telephone: (203) 325-4491<br>Fax: (203) 325-3769<br>isloss@sgtlaw.com<br>jeredynski@sgtlaw.com<br>sbloch@sgtlaw.com<br>zrynar@sgtlaw.com |

These lawyers are called Class Counsel. Class Counsel may apply to the Court for payment of attorneys' fees and litigation expenses that will be paid by from the Settlement Fund. You will not otherwise be charged for Class Counsel's services. If you want to be represented by your own lawyer, you may hire one at your own expense.

**25. How Will The Lawyers Be Paid?**

To date, Class Counsel have not been paid any attorneys' fees or reimbursed for any out-of-pocket costs. Any attorneys' fees and litigation expenses will be awarded only as approved by the Court in amounts determined to be fair and reasonable. The Settlement provides that Class Counsel may apply to the Court for an award of attorneys' fees and litigation expenses from the Settlement Payment. Prior to the Fairness Hearing, Class Counsel will move for an attorneys' fee award not to exceed one-third of the Settlement Fund and sixty-five thousand U.S. Dollars ($65,000) in litigation expenses. Plaintiffs may also seek Service Awards separate from the Settlement Payment not to exceed one thousand five hundred U.S. Dollars ($1,500) for each named Plaintiff, for a total of forty thousand five hundred U.S. Dollars ($40,500).

This is only a summary of the request for attorneys' fees and litigation expenses. Any motions in support of the requests will be available for viewing on the Settlement Website after they are filed by [DATE]. If you wish to review the motion papers, you may do so by viewing them at the Settlement Website, www.NelnetSettlement.com.

The Court will consider the motion for attorneys' fees and litigation expenses at or after the Fairness Hearing.

## THE COURT'S FAIRNESS HEARING

**26. When And Where Will The Court Decide Whether To Approve The Settlement?**

The Court will hold the Fairness Hearing on [DATE], at [TIME], at the United States District Court for the District of Nebraska, Robert V. Denney Federal Building, 100 Centennial Mall North, Courtroom 1, Lincoln, NE 68508. The Fairness Hearing may be moved to a different date or time without notice to you. The Fairness Hearing could

also be conducted remotely. Although you do not need to attend, if you plan to do so, you should check the Settlement Website before making travel plans.

At the Fairness Hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate. The Court will also consider whether to approve the requests for attorneys' fees and litigation expenses, and any Service Awards for Plaintiffs. If there are any objections, the Court will consider them at this time. We do not know how long the Fairness Hearing will take or when the Court will make its decision. The Court's decision may be appealed.

### 27. Do I Have To Come To The Fairness Hearing?

No. Class Counsel will answer any questions the Court may have. You are, however, welcome to come at your own expense. If you send an objection, you do not have to come to Court to talk about it. As long as you file and serve your written objection on time, the Court will consider it. You may also hire your own lawyer to attend, but you are not required to do so.

### 28. May I Speak At The Fairness Hearing?

You may ask the Court for permission to speak at the Fairness Hearing. If you want to appear at the Fairness Hearing, you may enter an appearance in the Action at your own expense, individually, or through counsel your own choice, by filing with the Clerk of Court a notice of appearance and your objection, and serving copies of your objection on Class Counsel and Settling Entities' Counsel at the addresses set forth in in question 22, such that they are received no later than **[DATE]**, or as the Court may otherwise direct. All documents sent to the Court by any Class Member, including any letter or document expressing the Class Member's desire to be excluded from the Class and any objection to the proposed Settlement, voluntary dismissal, or compromise, are filed electronically by the clerk and therefore will be available for public review. Any Class Member who does not enter an appearance will be represented by Class Counsel. You cannot request to speak at the Fairness Hearing by telephone or email.

## **GETTING MORE INFORMATION**

### 29. How Do I Get More Information?

The Court has appointed A.B. Data, Ltd. as the Claims Administrator. Among other things, the Claims Administrator is responsible for providing this Notice of the Settlement and processing Claim Forms.

This Notice summarizes the Settlement Agreement. More details are in the Settlement Agreement, which is available for your review at the Settlement Website, www.NelnetSettlement.com. The Settlement Website also has answers to common questions about the Settlement, Claim Form, and other information to help you determine whether you are a Class Member and whether you are eligible for a payment. You may contact the Claims Administrator at:

> Nelnet Data Security Settlement
> c/o [Claims Administrator]
> P.O. Box XXXXXX
> [City, State ZIP Code]
> Tel: XXXX
> Email: info@nelnetsettlement.com

If your contact information changes, please enter your current information online at the Settlement Website, or send it to the Claims Administrator at the address set forth above in the event the Claims Administrator needs to contact you.

***Please do not contact the Court or the Clerk's Office regarding this Notice or for additional information.***

DATED: _____, 2024                          BY ORDER OF THE COURT