IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| *In re* <br><br> *Data Security Cases Against NELNET SERVICING, LLC* | Case No. 4:22-cv-3191 <br><br> The Honorable John M. Gerrard, U.S.D.J. <br><br> The Honorable Jacqueline M. DeLuca, U.S.M.J. |

### BRIEF IN OPPOSITION TO INTERVENORS' MOTION TO EXTEND DEADLINE TO RESPOND TO PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

Plaintiffs[1] oppose Intervenors' Kathleen Carr, Keegan Killory, and Kelsie Powell (collectively, "Intervenors") Motion to Extend Deadline to Respond to Plaintiffs' Motion for Preliminary Approval of Class Action Settlement. ECF No. 113. Intervenors' request for an extension represents more of the same lawyer-driven tactics intended to disrupt a Settlement that they chose not to participate in, in the hopes of extorting attorneys' fees.

*First*, fourteen days is more than enough time for Intervenors to file an opposition brief on the *limited grounds* that this Court has allowed them. The Local Civil Rules should not be disturbed. *See* Local Civil Rule 7.1(b)(1)(B) ("A brief opposing any other motion must be filed and served within 14 days after the motion and supporting brief are filed and served."). Despite filing a broad motion to intervene (ECF No. 83), the Court explicitly stated that Intervenors could only object to the settlement on the grounds of subject matter jurisdiction. *See* June 18, 2024 Findings, Recommendation, and Order, ECF No. 98 at 10-11 ("IT IS ORDERED as

---

[1] Plaintiffs are Ian Scott, Jessica Alexander, Pamela Bump, Bridget Cahill, Lesly Canales, Melissa Charbonneau, Douglas Conley, Noah Helvey, Dallin Iler, Dustin Jones, Kayli Lazarz, Brittni Linn, Delilah Oliveira, Devinne Peterson, Eric Polanco, Justin Randall, Sofia Rodriguez, Joshua Sanchez, Charles Sangmeister, William Spearman, Taylor Vetter, Rachel Woods, Garner J. Kohrell, Olivia Covington, Alexis Luna, and Mary Traynor, along with MaKayla Nelson.

1

follows: … [4a.] The Intervenors shall be joined as parties in this action for the purpose of objecting to the preliminary approval of the proposed settlement *on subject matter jurisdiction grounds*. [4b.] The Intervenors shall participate, solely for this limited purpose, in any future proceedings concerning the settlement.") (emphasis added); ECF No. 100 (Findings & Recommendation Adopted). While Plaintiffs believed there was no basis to that motion, Intervenors have known of these conditions since the Court's June 18 ruling and have had ample time to prepare their opposition brief on this *single ground*. They should file their opposition in accordance with the normal schedule.

*Second*, Intervenors' request for an extension on behalf "other interested parties" should be denied as they lack standing as intervenors to make such a request. *See, e.g., James v. Glob. Tel*Link Corp.*, No. 2:13-cv-04989 (WJM) (MF), 2020 WL 6194016, at *3 (D.N.J. Oct. 22, 2020) ("the fact remains that no class in the *Githieya* Action has been certified, and Proposed Intervenors do not represent the as-yet unidentified absent *James* Class members in this case who may one day become absent class members in the *Githieya* Action."); *Williams v. Bob Evans Restaurants, LLC*, No. 18-cv-1353, 2023 WL 8452637, at *2 (W.D. Pa. Dec. 6, 2023) ("at this juncture, the proposed intervenors do not represent the interests of any plaintiffs in the instant action unless or until the *Mitchell* Court certifies a class or collective action that includes them").

Intervenors preview to the Court what is expected to be an organized and manufactured objection campaign to delay this global $10 million Settlement that resolves <u>all</u> claims regarding the Nelnet Data Security Incident.[2] There is no need for the Court to delay preliminary approval

---

[2] *See* Motion, ECF No. 113 at 1 ("Since the filing of Plaintiffs' Motion for Preliminary Approval, *multiple law firms who represent plaintiffs impacted by the underlying data breach* have voiced serious concerns regarding the proposed settlement, the procedure in how it was reached, and the stage at which the settlement was reached. These law firms plan to file objections. Additional time is needed to coordinate these filings in an organized manner.") (emphasis added). It is unclear what "law firms" or "plaintiffs" Intervenors are referring to.

of the Settlement to consider these hypothetical objections. The appropriate time for objections to be considered is after notice has gone out to <u>all</u> Settlement Class Members, so they can be apprised of the date and procedure for filing their objection. To the extent any Settlement Class Member who wishes to request an extension of their objection to the Settlement, as provided for in the Settlement Agreement and [Proposed] Preliminary Approval Order (ECF Nos. 110-1 at § 17; 109-1 at ¶¶ 17, 19-25), they are free to do so at the appropriate time. But Intervenors do not represent these individuals and cannot request an extension on their behalf at this time.

*Finally*, Intervenors' attempt to "coordinate" objections in furtherance of their goal of derailing this Settlement presents a separate basis for denying their extension request: bad faith and "objector blackmail." *See, e.g., Garber v. Off. of Comm'r of Baseball*, No. 12-cv-03704 (VEC), 2017 WL 752183, at *6 (S.D.N.Y. Feb. 27, 2017) (finding that objector's counsel "orchestrated the filing of a frivolous objection in an attempt to throw a monkey wrench into the settlement process and to extort a pay-off."); *In re Petrobras Sec. Litig.*, No. 14-cv-9662 (JSR), 2018 WL 4521211, at *1 (S.D.N.Y. Sept. 21, 2018), *aff'd*, 778 F. App'x 46 (2d Cir. 2019) ("In recent years, however, it has become obvious that some objectors seek to pervert the process by filing frivolous objections and appeals, not for the purpose of improving the settlement for the class, but of extorting personal payments in exchange for voluntarily dismissing their appeals. These extortionate efforts, which the Seventh Circuit recently termed "objector blackmail," have increasingly interfered with the prompt and fair resolution of class litigation at a direct cost to class members, who may thereby be prevented from collecting the settlement funds owed to them for months and even years unless they succumb to the blackmail.").

Despite what Intervenors claim in their motion, zero Settlement Class Members or their law firms have come forward to raise "serious concerns" about the Settlement and report them to

Proposed Class Counsel. Rather this appears to be an attempt by Intervenors' counsel to manufacture objections in coordination with the other losing members of the leadership slate that it supported back in December 2022 – January 2023. Plaintiffs through Proposed Class Counsel will respond to each of these objections, if filed by individual Settlement Class Members withstanding, and to the extent if they are a part of a coordinated and manufactured plan based upon frivolity, will seek appropriate sanctions from each participating party. *See In re T-Mobile Customer Data Sec. Breach Litig.*, No. 4:21-md-03019 (BCW), 2023 WL 11878507, at *2 (W.D. Mo. June 29, 2023), *aff'd*, No. 23-2744, 2024 WL 3561874 (8th Cir. July 29, 2024) ("The Court also has the power to impose reasonable sanctions, including striking the objection…[.]…This Court joins other courts across the country who condemn the practice of attorneys ghostwriting objections in class actions); *see also* Fed. R. Civ. P. 11.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Intervenors' motion be denied.

Dated: August 28, 2024

                                        Respectfully submitted,

                                        */s/Christian Levis*
                                        Christian Levis
                                        Amanda G. Fiorilla
                                        **LOWEY DANNENBERG, P.C.**
                                        44 South Broadway, Suite 1100
                                        White Plains, NY 10601
                                        Tel: (914) 997-0500
                                        clevis@lowey.com
                                        afiorilla@lowey.com

                                        Anthony M. Christina
                                        **LOWEY DANNENBERG, P.C.**
                                        One Tower Bridge
                                        100 Front Street, Suite 520
                                        West Conshohocken, PA 19428

achristina@lowey.com

Ian W. Sloss
Johnathan Seredynski
Steven L. Bloch
Zachary Rynar
**SILVER GOLUB & TEITELL LLP**
One Landmark Square, Floor 15
Stamford, CT 06901
Tel: (203) 325-4491
isloss@sgtlaw.com
jeredynski@sgtlaw.com
sbloch@sgtlaw.com
zrynar@sgtlaw.com

*Proposed Class Counsel*

## **CERTIFICATE OF COMPLIANCE WITH LOCAL CIVIL RULE 7.1(d)(3)**

I hereby certify that this memorandum of law (the "Brief") complies with the word-count limit described of Local Civil Rule 7.1(d)(1)(A). I relied on the word count feature of the word-processing system, Microsoft Word, Version 2308, used to prepare the Brief. The actual number of words in the Brief, including all text (the caption, body, headings, footnotes, and quotations), is 1,529 words.

I declare pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct.

*/s/ Christian Levis*
Christian Levis

## CERTIFICATE OF SERVICE

I hereby certify that on August 28, 2024, a copy of the foregoing document was filed electronically with the U.S. District Court for the District of Nebraska and served on all counsel of record through the CM/ECF system.

*/s/ Christian Levis*
Christian Levis