IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| WILLIAM SPEARMAN, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>NELNET SERVICING, LLC and EDFINANCIAL SERVICES, LLC,<br><br>Defendants. | 4:22-CV-3191<br><br><br>ORDER |

     On June 18, 2024, the Magistrate Judge granted the intervenors' motion to intervene in this case, solely for the limited purpose of opposing preliminary approval of the proposed settlement on subject-matter jurisdiction grounds. Filing 98 at 11. No objection was lodged to that order. *See* filing 104.

     The plaintiffs have since filed a motion for preliminary approval of their proposed settlement. Filing 109. The intervenors want an extra three weeks to respond in opposition to that motion,[1] claiming that additional time to respond is needed because "multiple law firms who represent plaintiffs impacted by the underlying data breach have voiced serious concerns regarding the proposed settlement, the procedure in how it was reached, and the stage at which the settlement was reached." Filing 113 at 1. But as the plaintiffs have pointed out, that's well beyond the limited purpose for which the intervenors were granted leave to intervene. *See* filing 114 (citing filing 98).

     The Court recognizes that the issues here may be complex, and will afford the intervenors *some* additional time to marshal their response. But the intervenors are the only current parties to this action with any capacity to oppose the plaintiffs' motion, and they have only been permitted to raise a

---

[1] "The party opposing a motion must not file an 'answer,' 'opposition,' 'objection,' or 'response,' or any similarly titled responsive filing. Rather, the party must file a brief that concisely states the reasons for opposing the motion and cites to supporting authority." NECivR 7.1(b)(1)(A).

jurisdictional argument. Additional time to object to the settlement on substantive grounds, or round up additional objectors to oppose *preliminary* approval of the settlement, is unwarranted.

Anyone who wants to object to the reasonableness of the settlement may do so in the ordinary course of business, as provided by Fed. R. Civ. P. 23(e)(5), *if and when* the Court preliminarily approves it. Attempting to scuttle the settlement before then is premature. The Court will grant the intervenors an additional 10 days to respond to the motion for preliminary approval based *solely* on the grounds for which they were granted leave to intervene.

IT IS ORDERED:

1. The intervenors' motion to extend (filing 113) is granted in part.

2. The intervenors may respond to the plaintiffs' motion for preliminary approval (filing 109) on or before September 17, 2024.

3. The plaintiffs may reply in support of their motion (filing 109) on or before September 24, 2024.

Dated this 29th day of August, 2024.

BY THE COURT:

John M. Gerrard
Senior United States District Judge