IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| In re:<br><br>Data Security Cases Against NELNET SERVICING LLC | Case No. 4:22-cv-3191 |

**DEFENDANT NELNET SERVICING, LLC'S MEMORANDUM OF LAW
IN OPPOSITION TO INTERVENORS' MOTION TO FILE UNDER SEAL**

Defendant Nelnet Servicing, LLC ("Nelnet") respectfully submits this Memorandum of Law opposing the Intervenors' Kathleen Carr, Keegan Killory, and Kelsie Powell ("Intervenors") Motion to File Under Seal (ECF No. 125) ("Motion to Seal").

## I.   Procedural History

Intervenors' Renewed Motion to Intervene relies in part on alleged "indications" or "intimations" that they claim occurred during settlement discussions and mediation in 2022. Nelnet and Plaintiffs oppose the Intervenors' Renewed Motion. Intervenors now seek the Court's permission to file portions of its Reply Memorandum and supporting declaration both, under seal, and *in camera*. Plaintiffs filed a memorandum of law in opposition the Motion to Seal (ECF No. 126). Intervenors filed a Reply to Plaintiffs' Memorandum of Law (ECF No. 127). Nelnet now submits this memorandum in opposition to the relief sought by the Intervenors' Motion to Seal.

## II.   Argument

  a. **Intervenors' Argument Does Not Support *in Camera* Review That Precludes Nelnet from Reviewing Unredacted Documents**

The gravamen of the Motion to Seal is Intervenors' request to submit to the Court under seal *and in camera* information in their to-be-filed Reply and declaration that they claim constitute "Nelnet's confidential mediation communications." Intervenors' Reply (ECF No. 127) at 3, para. 7. Intervenors argue that the material that they seek to protect must be submitted under seal and *in camera* because "Intervenors do not have authority to waive the confidentiality of Nelnet's mediation communications. . . . Only Nelnet can waive the confidentiality of its mediation communications."

These statements by Intervenors – that their declarations *will include mediation communications* – highlight Nelnet's prior objections to the Court's consideration of the proposed declarations as potentially violative of Federal Rule of Evidence 408 and Nebraska's Mediation Privilege. (ECF No. 120, pg. 5). Specifically, Nebraska law holds that a mediation party, i.e. Nelnet "may prevent any other person [i.e., Intervenors] from disclosing, a mediation communication." Neb. Rev. Stat. § 25-2933. Intervenors contends that the Court's Order (ECF No. 124) allowing Intervenors to file a declaration effectively overruled these objections, when no such ruling has been made by this Court. Intervenors even admit that, in their view, the information they seek to submit in their declarations "is otherwise confidential and not admissible." (ECF No. 127, at 1, ¶1). Respectfully, Intervenors misread this Court's Order which did not adjudicate the status of confidential mediation communications. Intervenors have <u>only</u> been allowed to submit a declaration to support their allegations, not to violate Fed. R. Evid. 408 and Neb. Rev. Stat. § 25-2933.

Nelnet has no visibility into the material Intervenors intend to submit which they contend represents confidential information. Based solely on Intervenors assertion that the material contains privileged and confidential mediation communications, Nelnet reiterates that it has not

waived its right to object to the introduction of such information and urges the Court to refuse to consider any such content submitted by Intervenors (whether filed under seal, *in camera*, or otherwise).

If, however, the Court decides to permit the material alleged to be confidential mediation communications or offers of compromise to be filed under seal, Nelnet cannot be denied access to the unredacted documents. Although it may be that the Plaintiffs cannot have access to confidential material, there is no potential justification for denying Nelnet access to the submission which Intervenors' claim is comprised of its communications, and Intervenors do not argue otherwise. To the extent Intervenors' Motion to Seal seeking *in camera* review is an attempt to preclude access by Nelnet to the content, no basis exists for doing so, especially if the submitted content concerns "Nelnet's mediation communications," as Intervenors claim it will.

b. **Intervenors' Submission of Their "Evidence," Not Simply Under Seal, But *in Camera* Fundamentally Prejudices Nelnet's Rights to Object to or Factually Dispute the Content.**

In its Memorandum of Law in Opposition to the Renewed Motion for Intervention, Nelnet rejected the Intervenors' general allegations that the case could have been settled for more in November 2022. However, Nelnet added: "if the Court is inclined to permit the Intervenors to submit a sworn declaration under seal, Nelnet respectfully requests permission to *respond* in kind without waiving the mediation privilege generally." (ECF No. 120, at 6). Nelnet has no knowledge of what the Intervenors seek to provide to the Court for review and cannot *respond* to Intervenors' submission unless Nelnet receives it, in full. Likewise, Nelnet cannot evaluate a proposed response or further objection based on confidentiality and privilege as to that which it has not seen. Intervenors cannot be permitted to force Nelnet to assert its rights or waive them in a vacuum.

Intervenors have not argued for, and the Court has not ruled on, any potential exception to Nelnet's objections citing Fed. R. Evid. 408 and Neb. Rev. Stat. § 25-2933. Nelnet requests that all material submitted to the Court by Intervenors pursuant to the Order (ECF No. 124) and their Motion to Seal (ECF No. 126) be provided to Nelnet, and that Nelnet be permitted to respond after receipt of all such information.

**Dated: October 2, 2024**               **Respectfully submitted,**

*/s/ Claudia D. McCarron*
Claudia D. McCarron (admitted pro hac vice)
**MULLEN COUGHLIN LLC**
426 W. Lancaster Avenue, Suite 200
Devon, PA 19333
(267) 930-4770
cmccarron@mullen.law

*Counsel for Defendant, Nelnet Servicing, LLC*

4