IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| WILLIAM SPEARMAN, individually and on behalf of all others similarly situated;<br><br>Plaintiffs,<br><br>vs.<br><br>NELNET SERVICING, LLC, and EDFINANCIAL SERVICES, LLC,<br><br>Defendants. | 4:22CV3191<br><br><br><br>MEMORANDUM AND ORDER |

Pending before the Court is a Renewed Motion to Intervene, Filing No. 116, and a Motion for Limited Discovery, Filing No. 135, filed by Kathleen Carr, Keegan Killory, and Kelsie Powell (the "Intervenors"). Also pending is a Motion for Oral Argument by Plaintiffs, Filing No. 123, a Motion to File Under Seal by Intervenors, Filing No. 125, a Motion to Compel Service by Plaintiffs, Filing No. 130, and a Motion to Obtain Unredacted Copies of [Intervenors'] Declarations Filed Under Seal by Defendant Nelnet Servicing, LLC ("Nelnet"). Filing No. 132. The Court rules on each pending motion as set forth herein.

**BACKGROUND AND PROCEDURAL HISTORY**

This putative class action arises out of an alleged data breach at Nelnet. Filing No. 51. Nelnet is a student loan servicer that facilitates loan processing for Defendant EdFinancial Services, LLC ("EdFinancial") and the Oklahoma Student Loan Authority ("OSLA"). Filing No. 51. This Court consolidated twenty-three cases filed against Nelnet and/or EdFinancial and appointed Lowey Dannenberg, P.C. and Silver Golub & Teitell LLP ("Lowey/SGT") as interim co-lead class counsel. Filing No. 43. Intervenors are currently litigating a similar case against Nelnet and OSLA in the Western District of

1

Oklahoma in a putative class action lawsuit captioned *Carr et al. v. OSLA*, No. 5:23-cv-00099 (W.D. Okla. filed Jan. 3, 2023) (the "Oklahoma action").

Plaintiffs reached a settlement with Nelnet, EdFinancial, and OSLA on behalf of the entire putative class, including Intervenors, in the Nebraska action. *See* Filing Nos. 96 and 97. Currently pending before the District Judge is Plaintiffs' Motion for Preliminary Approval of the Class Action Settlement. Filing No. 109.

Prior to Plaintiffs filing the motion for preliminary approval, Intervenors moved to intervene in the Nebraska action. Filing No. 83. The Court granted Intervenors' motion to intervene as of right in part and ordered Intervenors joined as parties for the sole purpose of objecting to Plaintiffs' motion for preliminary approval of the proposed settlement on subject matter jurisdiction grounds. Filing No. 98. The Court denied Intervenors' remaining motion without prejudice.

Intervenors now reassert their motion to intervene. Filing No. 116. In their supporting brief, Intervenors asserted various factual allegations but did not file supporting evidentiary materials pursuant to NECivR. 7.1(a)(2). Intervenors included a footnote indicating they were willing to provide a sworn declaration under seal to support these factual allegations. Filing No. 117 at 6 n.4. The Court subsequently entered an order permitting Intervenors to file this declaration before the time for filing a reply brief lapsed. Filing No. 124. The Court did not rule on whether Intervenors could file the declaration under seal but permitted Intervenors to provisionally file the declaration under seal along with a motion to seal pursuant to the local rules. *See* NECivR. 7.5.

Intervenors subsequently provisionally filed their reply brief for the renewed motion to intervene and two declarations under seal and moved to seal these filings. Filing No. 125. Plaintiffs and Nelnet oppose Intervenors' motion to seal. *See* Filing Nos. 126 and 128. Intervenors publicly filed a redacted version of their reply brief, Filing No. 129, and served the unredacted version on Nelnet and Plaintiffs. *See* Filing No. 130 at 3 ¶ 4; Filing No. 133 at 1–2. Intervenors did not file or serve an unredacted version of either declaration. *See* Filing Nos. 129-1 and 129-2. Nelnet and Plaintiffs subsequently filed motions to view these declarations. Filing Nos. 130 and 132. The Court rules on the

admissibility of the declarations before it rules upon Intervenors' renewed motion to intervene and motion for limited discovery.

## ANALYSIS

I. **Admissibility of Intervenors' Declarations in Support of the Renewed Motion to Intervene.**

Intervenors move to seal the unredacted reply brief and both declarations because the filings disclose facts pertaining to a mediation that occurred between class members and Nelnet in November 2022. Intervenors request the Court review the declarations ex parte and in camera when it considers Intervenors' renewed motion to intervene.

Plaintiffs oppose Intervenors' motion to seal and seek access to the declarations via their own motion. *See* Filing Nos. 126 and 130. Plaintiffs argue, if a mediation privilege exists, Intervenors waived this privilege by relying on the mediation communications in support of their arguments. Plaintiffs seek to review the declarations prior to filing a motion for sur-reply to the renewed motion to intervene based on arguments Intervenors raised in their reply brief.

Nelnet opposes Intervenors' motion to seal to the extent Intervenors are requesting the Court review the declarations ex parte and in camera to rule on the motion to intervene. Filing No. 128. Nelnet also seeks access to the declarations via their own motion. Filing No. 132. Nelnet argues, as the party who made the statements in the declarations, it may invoke a mediation privilege to prevent Intervenors from using the declarations as evidence in support of their motion. Nelnet argues this mediation privilege entitles it to review the declarations for potential objections prior to the Court viewing the declarations in camera, ruling on the motion to intervene, or disclosing the declarations to Plaintiffs.

Prior to ruling on the merits of the parties' motions, the Court must first determine whether federal or state privilege law applies. State privilege law applies in diversity cases. Fed. R. Evid. 501; *see, e.g.*, *Simon v. G.D. Searle & Co.* 816 F.2d 397, 402 (8th Cir. 1987); *In re Dimensions in Senior Living, LLC*, Nos. BK22-80865 & AP 24-8007, 2024 WL 3715400, at *1 (D. Neb. Aug. 7, 2024). "Under the *Erie* doctrine, a federal court looks to the forum state's conflict of laws rules in determining which state's privilege law

applies." *Carlson v. Freightliner LLC*, 226 F.R.D. 343, 367 (D. Neb. 2004). Nebraska follows the Restatement (Second) of Conflict of Laws approach and gives effect to the law of the state with the most significant relationship. First *see DCS Sanitation Mgmt., Inc. v. Castillo*, 435 F.3d 892, 895 (8th Cir. 2006); and then *see In re Dimensions in Senior Living, LLC*, Nos. BK22-80865 & AP 24-8007, 2024 WL 3715400, at *1.

Plaintiffs brought the instant action as a diversity action pursuant to 28 U.S.C. § 1332(d). Nelnet is a Nebraska resident, and the alleged data breach affected online systems Nelnet provided to EdFinancial to service student loans. The parties do not raise a conflict of laws dispute and generally cite Nebraska (or federal) privilege law in their briefing. Accordingly, the undersigned looks to Nebraska law to determine whether a mediation privilege attaches to Intervenors' reply brief and declarations.

Subject to certain exceptions, Nebraska law provides "a mediation communication is privileged . . . and is not subject to discovery or admissible in evidence in a proceeding." Neb. Rev. Stat. § 25-2933 (Reissue 2016); *see also* § 25-2935 (exceptions). A mediation communication is defined as "a statement, whether oral or in a record or verbal or nonverbal, that occurs during a mediation or is made for purposes of considering, conducting, participating in, initiating, continuing, or reconvening a mediation or retaining a mediator." § 25-2931(2). Either party to the mediation may prevent the other party from disclosing a mediation communication. § 25-2933(b). To waive the privilege, <u>all</u> parties to the mediation must expressly waive the privilege. § 25-2934(a). A party who "discloses or makes a representation about a mediation communication which prejudices another person in a proceeding is precluded from asserting [the] privilege . . . to the extent necessary for the person prejudiced to respond to the representation or disclosure." § 25-2934(b).

Accordingly, as Plaintiffs argue, Intervenors are likely precluded from asserting the mediation privilege because Intervenors rely on the mediation communications to support their arguments. *See* § 25-2934(b). The Court will not expressly rule on this issue, however, because, as a party to the mediation, Nelnet may also invoke the Nebraska mediation privilege. Nelnet expressly refuses to waive the privilege and invokes the privilege to not only prevent Intervenors from disclosing the communications associated

4

with this mediation but to prevent the Court from reviewing the declarations in camera. Accordingly, the Court addresses whether it may appropriately view the declarations in camera before turning to the substance of whether the Nebraska mediation privilege applies.

"Ex parte, in camera hearings are part of a trial judge's procedural arsenal" and are appropriate when "the offering party provide[s] detailed public justification supporting the right to examination." *Wabun-Inini v. Sessions*, 900 F.2d 1234, 1246–47 (8th Cir. 1990) (emphasis omitted) (first quoting *United States v. Southard*, 700 F.2d 1, 11 (1st Cir. 1983); and then citing *Phillippi v. CIA*, 546 F.2d 1009, 1013 (D.C. Cir. 1976)). Privilege disputes are "usually resolved by submitting [the documents] to the tribunal in camera." *PaineWebber Grp., Inc. v. Zinsmeyer Trusts P'ship*, 187 F.3d 988, 992 (8th Cir. 1999); *see also Pucket v. Hot Springs Sch. Dist. No. 23-2*, No. 03-5033, 2006 WL 8453926, at *2 (D.S.D. Apr. 13, 2006) (denying motion to review a privilege log in lieu of reviewing the disclosed documents in camera to determine whether the documents were privileged).

Nelnet argues Intervenors' declarations contain mediation communications protected by the Nebraska mediation privilege. The Court cannot rule on Nelnet's argument without reviewing the declarations in camera. Accordingly, the Court reviews the declarations in camera and finds the declarations are privileged to the extent set forth below.

Intervenors submitted two declarations. The first is authored by an attorney (Gary Klinger) who attended the mediation on behalf of the putative class members. The second is authored by Intervenors' counsel. Intervenors' counsel's declaration does not set forth new relevant facts but relies on the facts Mr. Klinger attests to in his declaration. Mr. Klinger recounts (1) the dollar amount of the last offers exchanged between the class members and Nelnet during the mediation and (2) his impression Nelnet might settle for a certain dollar amount based on "a follow up conversation after the [m]ediation" with Nelnet's attorney.

The settlement offers exchanged between the parties during the mediation are privileged mediation communications under the plain language of the Nebraska Uniform

Mediation Act. *See* §§ 25-2933, 2931(2). These statements are not admissible in support of Intervenors' renewed motion to intervene.

It is less clear whether an attorney's impression of the other party's willingness to settle, formed during a follow-up conversation <u>after</u> the mediation, is a mediation communication, i.e., a statement "made for purposes of considering, conducting, participating in, initiating, continuing, or reconvening a mediation or retaining a mediator." § 2931(2). The Nebraska Supreme Court has not decided this issue. "If the Nebraska Supreme Court has not addressed the issue before the Court, it must determine what the Supreme Court would probably hold were it to decide the issue. In making this determination, the Court may consider relevant state precedent, analogous decisions, considered dicta, scholarly works and any other reliable data." *Dubas v. Clark Equip. Co.*, 532 F. Supp. 3d 819, 825 (D. Neb. 2021) (cleaned up to remove editing marks) (citations omitted) (quoting *Anderson v. Nissan Motor Co., Ltd.*, 139 F.3d 599, 601 (8th Cir. 1998)).

Nebraska adopted the Uniform Mediation Act ("UMA"). The comments to the UMA indicate the drafting committee intended the privilege to protect mental impressions that "reveal, even indirectly, mediation communications." Unif. Med. Act § 2 cmt. 2 (Unif. L. Comm'n amended 2003) (citing *Gunther v. U.S.*, 230 F.2d 222, 223–24 (D.C. Cir. 1956)). The drafting committee "elected to leave the question of when a mediation ends to the sound judgment of the courts to determine according to the facts and circumstances presented by individual cases." *Id.*; *see, e.g.*, *Hopes v. Barry*, No. 2010-A-0042, 2011 WL 6881790, at *3 (Ohio Ct. App. Dec. 27, 2011) (UMA jurisdiction) (emails sent several weeks after mediation ended were not mediation communications continuing the mediation because the emails contained additional requests beyond the scope of what the parties discussed during the mediation).

The undersigned finds the Nebraska Supreme Court would likely find the drafting committee's comments and the case law of other UMA jurisdictions persuasive. Pursuant to this analysis, Mr. Klinger's mental impressions are privileged mediation communications made in continuation of the November mediation. Mr. Klinger's impression of how much Nelnet was willing to pay to settle indirectly reveals settlement statements. Mr. Klinger characterizes this conversation with Nelnet's attorney as a "follow

up conversation after the mediation" and Mr. Klinger's description of the statements exchanged during this conversation do not appear to stray outside the scope of the mediation. Accordingly, these statements are not admissible under Nebraska law in support of Intervenors' renewed motion to intervene.

Since the declarations contain or reference inadmissible, privileged statements, the undersigned grants Intervenors' motion to seal in part as set forth below. *See EEOC v. GMT, LLC*, No. 8:11CV336, 2012 WL 2871789, at *3 (D. Neb. July 12, 2012) ("A court has supervisory power over its own records, and the decision to seal a file is within the court's discretion."); *see also Doe v. State of Nebraska*, 971 F. Supp. 1305, 1308 (D. Neb. 1997) (finding materials submitted in conjunction with motion for sanctions arising out of mediation should be sealed).

Mr. Klinger's declaration, Filing No. 131-1, is sealed. Only paragraphs 4 and 5 in Intervenors' counsel's declaration, Filing No. 131-2, discuss the privileged mediation statements. Accordingly, Filing No. 131-2 is also sealed with the caveat that Intervenors are ordered to file a copy of this declaration on the public docket with only (1) the entirety of paragraphs 4 and 5 and (2) the first sentence in paragraph 8 (for reasons discussed below) redacted.

Intervenors already served an unredacted version of its reply brief on Plaintiffs and Nelnet. In the unredacted reply brief, Intervenors disclose a settlement demand made by Intervenors (purportedly during mediation) in the Oklahoma action to OSLA. Filing No. 131 at 7. This same settlement demand appears in Intervenors' counsel's declaration. Filing No. 131-2 at 3 ¶ 8. The Court does not consider this demand when ruling on Intervenors' motion to intervene because it is not relevant or dispositive evidence.

Nonetheless, out of an abundance of caution since OSLA is not a party to the Nebraska action and has not waived any potential privilege, the Court seals Intervenors' unredacted reply brief. Filing No. 131. The Court then orders Intervenors to re-file a copy of Filing No. 131 under restricted access[1] with only the dollar amount of the settlement

---

[1] "In this district . . . filing documents under 'restricted access' limits routine access to the parties of record and court users, both remotely and at the terminals in the clerk's office." *Han v. U.S. Citizenship & Immigr.*

7

demand to OSLA on page 7 redacted. The Court previously ordered Intervenors to redact the first sentence in paragraph 8 of Intervenors' counsel's declaration for the same reason.

Nelnet's motion to view the declarations, Filing No. 132, is granted in part. Nelnet is entitled to view the declarations to the extent it was a party to the mediation and the speaker (or recipient) of the statements at issue. The Court denies the remainder of Nelnet's motion because it finds Nelnet is not entitled to view the settlement demand to OSLA. Accordingly, Intervenors are ordered to serve on Nelnet (1) an unredacted copy of Filing No. 131-1 and (2) a copy of Filing No. 131-2 with <u>only</u> the first sentence in in paragraph 8 redacted. *See* NECivR. 7.5(b) (a party who files a sealed document "must use alternative forms of service to provide all parties entitled to notice with copies of the sealed document").

Plaintiffs' motion to view the declarations, Filing No. 130, is granted in part. As discussed above, Intervenors are ordered to file a copy of Intervenors' counsel's declaration, Filing No. 131-2, on the public docket with certain paragraphs redacted. Thus, Plaintiffs' motion is granted to the extent Plaintiff may view the unredacted portions of this declaration.

Plaintiffs are not entitled to view Mr. Klinger's declaration or the redacted portions of Intervenors' counsel's declaration.[2] While Plaintiffs and the class members who participated in the mediation are seemingly all members of the same putative class, a finding Plaintiffs are entitled to notice on this basis is not appropriate because the Court has yet to certify a class in this action. Additionally, the privileged statements are inadmissible in support of Intervenors' motion to intervene, and, thus, irrelevant to any additional arguments Plaintiffs wish to make in opposition to Intervenors' motion. Accordingly, the Court denies the remainder of Plaintiffs' motion.

---

*Servs.*, No. 4:24CV3049, 2024 WL 2115518, at *2 (D. Neb. May 10, 2024) (emphasis omitted) (first citing NECivR. 5.3(c)(3); and then citing NEGenR. 1.3(a)(1)(B)(ii)).

[2] Plaintiffs are not entitled to view the first sentence in paragraph 8 of Intervenors' counsel's declaration for the same reasons Nelnet is not entitled to view this portion.

## II. Renewed Motion to Intervene.

Intervenors move to intervene as of right or, alternatively, via permissive intervention. *See* Fed. R. Civ. Proc. 24(a) and (b). The Court denies Intervenors' motion in its entirety for the reasons discussed below. Accordingly, Plaintiff's motion for oral argument, Filing No. 123, is denied as moot.

### a. *Intervention as of Right.*

For the reasons articulated by the Court in its order on Intervenors' first motion to intervene, Intervenors are required to rebut the presumption Plaintiffs are adequately representing their interests to intervene as of right. Filing No. 98 at 4 (first quoting *F.T.C. v. Johnson*, 800 F.3d 448, 452 (8th Cir. 2015); and then quoting *Swinton v. SquareTrade, Inc.*, 960 F.3d 1001, 1005 (8th Cir. 2020)). Intervenors argue Plaintiffs are not adequate representatives because they participated in a collusive reverse auction to settle the putative class's claims.

Intervenors did not present any evidence to support this assertion. As addressed above, the relevant portions of Intervenors' evidentiary declarations are privileged and inadmissible. Even if the declarations were admissible, however, an attorney's "impression" of what Nelnet might be willing to pay to settle the case in the absence of an actual offer or even a description of what Nelnet said that resulted in the attorney forming this impression is not credible evidence. The same is true for Intervenors' unaccepted settlement demand in the OSLA action.

Intervenors also attack Plaintiffs' and interim class counsel's litigation strategy. "A difference of opinion concerning litigation strategy or individual aspects of a remedy does not overcome the presumption of adequate representation." *Swinton*, 960 F.3d at 1005 (quoting *Jenkins ex rel. Jenkins v. Missouri*, 78 F.3d 1270, 1275 (8th Cir. 1996)). "Generally, representation is adequate if the class representative does not collude with the opposing party, represent an interest adverse to the intervenor, or otherwise fail to fulfill their duty." Filing No. 98 at 5 (citing *Liddell v. Caldwell*, 546 F.2d 768, 771 (8th Cir. 1976)). "The goals of Rule 23 would be seriously hampered" if "absent class members who merely express dissatisfaction with specific aspects of the proposed

...


settlement . . . have the right to intervene." *In re Comm. Bank of N. Va.*, 418 F.3d 277, 315 (3d Cir. 2005).

Intervenors argue Plaintiffs' decision to settle the class's claims for $10 million is per se evidence of collusion because Intervenors could have (hypothetically)[3] negotiated a larger settlement. Intervenors also argue Plaintiffs are inadequate representatives for agreeing to a notice program that fails inform class members about the Oklahoma action. Finally, Intervenors argue interim class counsel are inadequate representatives for a litany of reasons, including interim class counsel's alleged failure to conduct any discovery prior to settling the class's claims,[4] interim class counsel's decision to exclude certain class members as named plaintiffs in the amended complaint, and interim class counsel's alleged refusal to cooperate with Intervenors' counsel.

None of Intervenors' arguments defeat the presumption Plaintiffs are adequate representatives. *Cf. Hibler v. Santander Consumer USA, Inc.*, No. EDCV 13-1354, 2013 WL 12137716, at *5 (C.D. Cal. Nov. 21, 2013) (movant not entitled to intervene when movant argued he could have hypothetically secured a larger settlement than the settlement plaintiff negotiated); *T.K. ex rel. Leshore v. ByteDance Tech. Co.*, No. 19 CV 7915, 2021 WL 1172767, at *6 (N.D. Ill. Mar. 29, 2021) (objector did not overcome presumption of adequate representation to intervene as of right by merely pointing to his objections to the proposed notice program and settlement amount).

Intervenors and Plaintiffs share the same goal—to make the class members harmed by the alleged data breach whole. Intervenors may disagree with how Plaintiffs and interim class counsel chose to pursue this goal, but this is a mere "difference of opinion concerning litigation strategy" and, therefore, not enough to intervene as of right. Intervenors' renewed motion to intervene as of right is denied.

---

[3] Even if Intervenors' declarations were admissible, the statements in these declarations are not credible evidence Intervenors could have negotiated a higher settlement.

[4] Notably, there is evidence Nelnet sent discovery to Plaintiffs prior to the first of two mediations in response to pre-mediation discovery requests. Filing No. 137-1 at 2 ¶ 8.

### b. *Permissive Intervention.*

Intervenors alternatively argue the Court should allow them to intervene pursuant to Federal Rule of Civil Procedure 24(b). Intervenors seek to intervene to (1) object to the adequacy of the proposed settlement, (2) object to the adequacy of the notice program, and (3) object to the adequacy of Lowey/SGT as class counsel.

Rule 24(b) provides the Court may permit intervention if the intervenor "has a claim or defense that shares with the main action a common question of law or fact." "[T]he [C]ourt must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. Proc. 24(b)(3). "The decision to grant or deny a motion for permissive intervention is wholly discretionary." *South Dakota ex rel. Barnett v. U.S. Dep't of Interior*, 317 F.3d 783, 787 (8th Cir. 2003). "Although the adequacy of protection is only a minor variable in the Rule 24(b) decision calculus, it is not an illegitimate consideration, and can be a legitimate rationale for denying a permissive intervention motion." *Cullan & Cullan LLC v. M-Qube, Inc.*, No. 8:13CV172, 2014 WL 347034, at *5 (D. Neb. Jan. 30, 2014) (citing *South Dakota ex rel. Barnett*, 317 F.3d at 787–88).

First, Intervenors did not defeat the presumption their interests are adequately protected by Plaintiffs. Second, Intervenors do not need to be joined as parties to object to the settlement, the notice program, or the appointment of class counsel. *See* Fed. R. Civ. Proc. 23(e)(5)(A); *Devlin v. Scardelletii*, 536 U.S. 1, 14 (2002) ("[C]lass action procedure allows nonnamed class members to object to a settlement at the fairness hearing without first intervening."); *see, e.g.*, *In re Uponor, Inc.*, 716 F.3d 1057, 1064–65 (8th Cir. 2013) (discussing non-intervening class members' objections to notice program); *Pro. Firefighters Ass'n v. Zalewski*, 678 F.3d 640, 645, 647–48 (8th Cir. 2012) (discussing non-intervening class member's objection to class certification on grounds the district court should have appointed each subclass separate counsel).

Third, and perhaps most importantly, Intervenors' conduct in conjunction with the pending motions suggests granting Intervenors' motion will result in undue delay, prejudicing the existing parties. In their renewed motion, Intervenors charged the existing parties with serious allegations of collusion but failed to provide any supporting evidence.

11

When the Court permitted Intervenors to file supporting evidence out of time, Intervenors filed two declarations. The relevant statements in these declarations are not admissible, lack credibility, and do not support Intervenors' assertions of collusion for the reasons discussed above. Intervenors then filed a motion seeking the Court's permission to go on a fishing expedition to look for evidence of collusion. The Court denies this motion for the reasons stated below. Each of these actions unnecessarily diverted judicial resources from the pending motion for preliminary approval of the class settlement.

The Court will not grant Intervenors' motion for permissive intervention to provide Intervenors with additional opportunities to engage in more delay tactics. Intervenors' renewed motion for permissive intervention is denied.

### III.     Motion for Discovery.

Intervenors move the Court for discovery to find evidence of collusion. The scope of the requested discovery does not relate to Intervenors' subject matter jurisdiction objection. Accordingly, this discovery motion is outside the limited scope of Intervenors' role as parties. However, since objecting class members may seek discovery without intervening, *see* 2 Joseph M. McLaughlin, McLaughlin on Class Actions § 6:11 (21st ed. Oct. 2024 update), the Court presumes for the purposes of this motion that Intervenors timely and properly objected[5] and assesses the merits of whether Intervenors are entitled to this discovery as objectors based upon the evidence currently before the Court for the motions ruled upon in this Order.

The Court should allow objectors "an adequate opportunity to test by discovery the strengths and weaknesses of [a] proposed settlement." *In re Comm. Bank of N. Va.*, 418 F.3d at 316 (quoting *Girsh v. Jepson*, 521 F.2d 153, 157 (3d Cir. 1975)). Objectors do not,

---

[5] Intervenors have not objected pursuant to the procedure outlined by Federal Rule of Civil Procedure 23(e)(5) and objecting prior to preliminary approval of the settlement is premature. *See* Filing No. 115 at 2; *see also* 4 William B. Rubenstein, *Newberg and Rubenstein on Class Actions* § 13:29 (6th ed. Nov. 2024 update) ("Class members may lodge objections to proposed class action settlements in the time period between the preliminary approval of the settlement and the fairness hearing . . . ."). While the Court could deny Intervenors' motion for these procedural defects without prejudice to reassertion if the Court grants Plaintiffs' motion for preliminary approval, the Court finds it more efficient to overlook these defects, presume for the purposes of this motion that Intervenors objected properly, and rule on the merits of Intervenors' motion based upon the evidence currently before the Court for the motions ruled upon in this Order.

however, "have an absolute right to discovery." *Id.* Notably, an objector lacks the "right to seek discovery concerning the negotiations of a class action settlement" when "there is no evidence of collusion in the negotiation process." White v. NFL, 822 F. Supp. 1389, 1429 (D. Minn. 1993); *see also* McLaughlin, *supra*, § 6:11 (collecting cases); Rubenstein, *supra*, § 13:32 (collecting cases).

Intervenors solely seek discovery pertaining to the negotiations resulting in the class action settlement pending preliminary approval. As discussed above, however, there is no evidence currently before the undersigned supporting Intervenors' allegations that this settlement is the result of collusion. In the absence of evidence, Intervenors argue it is per se evidence of collusion Plaintiffs settled a class of this size for $10 million without allegedly hiring experts or conducting discovery.[6] These bare bone allegations, without more, are not enough to justify a fishing expedition into the parties' settlement negotiations. *Cf.* Pollard v. Remington Arms Co., No. 12–0086–CV, 2016 WL 9526451, at *2 n.1 (W.D. Mo. Feb. 24, 2016) (summarily rejecting objector's argument seeking discovery on grounds parties colluded based solely on the fact the settlement provided for $12.5 million in attorneys' fees for class counsel); *see generally* Rubenstein, *supra*, § 13:49 (full discovery is "an indirect indicator that a settlement is not collusive" but a court is not necessarily precluded from approving a class action settlement when the parties conduct no formal discovery). Intervenors' motion for discovery is denied.

## IV. Sanctions.

In their response brief in opposition to Intervenors' motion for discovery,[7] Plaintiffs urge the Court to exercise its inherent authority[8] pursuant to Federal Rule of Civil Procedure 11 and 28 U.S.C. § 1927 to issue sanctions (1) prohibiting additional filings by

---

[6] Once again, there is evidence Nelnet provided discovery to Plaintiffs prior to the first of two mediations. *See supra* note 4.

[7] Plaintiffs filed a redacted version of their response brief, Filing No. 136, but emailed an unredacted version to chambers and counsel without filing it. In their brief, Plaintiffs redacted information found in Intervenors' (now) restricted reply brief at Filing No. 131. Accordingly, as set forth below, the Court orders Plaintiffs to file an unredacted version of Filing No. 136 under restricted access.

[8] This informal request is not before the Court as a motion. *See* Doe v. Bd. of Regents of Univ. of Neb., 509 F. Supp. 3d 1133, 1144 (D. Neb. 2020) ("Federal Rule of Civil Procedure 7(b)(1) generally requires parties to request court orders by a written motion and 'state with particularity the grounds for seeking the order' and 'the relief sought.'").

13

Intervenors' counsel and (2) awarding Plaintiffs' counsel (interim class counsel) their fees and costs associated with responding to Intervenors' motions. Filing No. 136 at 10.

The Court declines to sua sponte sanction Intervenors at this time. Intervenors filed a renewed motion in response to the Court denying their first motion without prejudice. While their conduct is problematic for the reasons articulated above, it has not yet risen to the level of filing multiple, duplicitous motions to relitigate decided issues. *Cf. Vallejo v. Amgen, Inc.*, 903 F.3d 733, 749–50 (8th Cir. 2018) (affirming district court's inherent power to impose sanctions when counsel filed "multiple motions as barely veiled attempts to relitigate decided issues" and "became unnecessarily argumentative with the magistrate judge"). The Court warns Intervenors it is not likely to remain tolerant, however, if Intervenors seek to relitigate decided issues or continue to disregard the local rules of this Court by neglecting to file evidence in support of their factual assertions. Intervenors' counsel is reminded to consult the local rules of this Court and the Federal Rules of Civil Procedure prior to filing any motions or objections.

## CONCLUSION

For the foregoing reasons,

IT IS ORDERED as follows:

1) Intervenors' Motion to File Under Seal, Filing No. 125, is granted in part and denied in part.
    a. Intervenors' reply brief, Filing No. 131, and Intervenors' declarations, Filing Nos. 131-1 and 131-2, are sealed.
    b. On or before December 19, 2024, Intervenors shall file a copy of the declaration at Filing No. 131-2 on the public docket with only (1) the entirety of paragraphs 4 and 5 and (2) the first sentence in paragraph 8 redacted.
    c. On or before December 19, 2024, Intervenors shall file a copy of the unredacted reply brief at Filing No. 131 under restricted access with only the dollar amount of the settlement demand to OSLA on page 7 redacted.
2) Nelnet's Motion to Obtain Unredacted Copies of [Intervenors'] Declarations Filed Under Seal, Filing No. 132, is granted in part and denied in part. On or before December 19, 2024, Intervenors shall serve on Nelnet (1) an unredacted copy of

14

the declaration at Filing No. 131-1 and (2) a copy of the declaration at Filing No. 131-2 with <u>only</u> the first sentence in paragraph 8 redacted.

3) Plaintiffs' Motion to Compel Service, Filing No. 130, is granted in part and denied in part.

4) Intervenors' Renewed Motion to Intervene, Filing No. 116, is denied.

5) Plaintiffs' Motion for Oral Argument, Filing No. 123, is denied.

6) Intervenors' Motion for Limited Discovery, Filing No. 135, is denied.

7) **Plaintiffs are ordered to file an unredacted version of Filing No. 136, their response brief in opposition to Intervenors' motion for discovery, under restricted access on or before <u>December 19, 2024</u>.**

Dated this 12th day of December, 2024.

BY THE COURT:

*s/ Jacqueline M. DeLuca*

United States Magistrate Judge

15